UNITED STATES DISTRICT COURT
for the Northern District of New York

FILED

JUL 01 2022

AT_____ O'CLOCK_____
John M. Domurad, Clerk - Syracuse

_____

Ako K. Burrell, Plaintiff(s) (
Individually and on the behalf of others
Similary situated)

Complaint
Docket #_____
_____

Retaliation for
Opposing Unlawful
Conditions of Confinement
Dis Para te Treatment

V.

9:22-cv-702

Doccs, et al.

Fed R. Civ. P. 8(a) ;
42 USCA i 2000 e et,
seq.

_____

Plaintiff(s) allege:

1. This is a Class action authorized and instituted Pursuant
to Rule 23 of the Federal Rules of Civil Procedure and
Title VII of the Civil Right(s) Act of 1964, 42 U.S.C.A.
2000 et seq, Particulary 42 U.SCA. 2000e-3 G.J. Jurisdiction
Of this court is invoked Pursuant to 28 U.S.C.A.
1343 (a)(4), 2201 2202, and 42 USCA 2000e-5.

2. Declaratory and injunctive relief damages including Punitive
damages and other appropriate relief, including attorney
fees and costs, as authorized by 42 U.S.C.A. 2000e-5(g)
and (K), are quested

( page Thirteen )

3. This action seeks relief certain discriminatory acts Per Petrated by Defendant(s) against Plaintiff(s) and the Class they rePresent herein. The discriminatory acts Were and are Punitive in nature, and Defendant(s) Committed acts in retaliation for ParticiPation of Plaintiff(s) and the in a Title II Class action against Defendant DePartment of Corrections and Community SuPervision, filed in this Court on June , 2022, entitled "HALT-KERZULION." The discriminatory retaliatory act(s) were and are unlawful regardless of the merit of the Underlying charges and Proceedings(s) in Connection With those acts occurred.

4. The individual named Plaintiff(s) herein and member(s) Of the Class they rePresent were housed by Defendant DOCCS as incarcerated individuals, enrolled in the Residential Rehabilitation Unit at UPState Correctional Facility; 309 Bare Hill Road, Malone, New York 12953. At Some time on or after March 31, 2022. Each named Plaintiff and Class member Was a incarcerated individual(s) at Some time or times during the Period beginning March 31, 2022.

( Page Fourteen)

4. Each named Plaintiff and Class member was deprived of his right(s); service(s); and treatment; pursuant to HALT Act; Correction Law; New York Codes Rules; and Regulations, Title Seven (7), by reason of Docc's Policy of not adopting to the HALT Act; and State Statute(s) it fell under. A Policy the New York State Correctional Officers and Police Officers Benevolence Union Incorporated (Defendant(s) #2) acquiesced. Each named Plaintiff and Class member was and is a member of Plaintiff(s) AKO Burna class action, which was brought to challenge the Policy and to seek affirmative relief from it's Continuing discriminatory effect(s) on Plaintiff(s) and the Class.

5. Union was and is a labor Union and representative of Defendant(s) Correctional Officer(s) at UCF-Ravi. as defined in the New York State Correctional Officer(s) and Police Officer(s) Union's, and a labor organization as defined in Title VII, 42 U.S.C.A. 2000 (e)(d). Union was a named Defendant, along with Docc's; and Upstate Correctional Facility; Anucci Docc's Commissioner; Donald Uhler Superintendent UCF-Ravi;

(Page fifteen)

5. The unlawful employment Practices Committed and being committed, by Doccs and the Union as alleged herein, have occurred and are occurring in UPState Correctional facility- Rehabilitation Unit, In the event the Union has been transmutted into a successor union or unions, this Complaint is alleged to include the successor or successor.

6. Doccs Defendant #1, is a municipal of the state of New York, and an employer to Union members of Defendant #2, as defined in the HALT Act; Correction law; New York State Rules and Regulation(s), 45 USCA 151, 181 and is an employer engaged in an industry affecting liberty, freedom of Speech; Rehabilitation, Care & custody of Prisoners. Of the state of New York Penal law violators, employing fifteen or more Persons, as defined in Title V II, 42 U.S.C.A. 2000(e) (6). Doccs does business in New York State, County of Franklin, Town of malone, 309 Barehill Road, 12953. UpState Correctional facility Residential Rehabilitation Unit. The unlawful employment Committed, and being committed, by Doccs and Union have occurred and are occurring in the State of New York, County of Franklin, Town of malone, 12953, 309 Barehill Road, UpState Correctional facility Residential Rehabilitation Unit.

(Page sitteen)

7. This Class action is brought Pursuant to Rule 23, Federal Rules of Civil Procedure on Plaintiffs' own behalf of a Class Consisting of all Persons who were and are members of the Plaintiff61 Ako Burrell Class,. The Class, Consisting of more than 300 Persons, is so numerous that joinder of all members is impracticable. There are common questions of law and fact, and the Claims of Plaintiffs are typical of those of the class. In Committing the unlawful employment Practices alleged herein, Defendants have acted and refused to act on grounds applicable to the Class, thereby making appropriate final injunctive, declaratory and remedial relief with respect to the Class as a whole. Plaintiff Ako Burrell, as representive Parties, by Pro-se, will fairly and adequately represent and Protect the interest of the Class,

8. Defendant(s) have engaged in, and Continue to engage in unlawful employment Practices with respect to the Class in violation of Title VII, 42 U.S.C.A. 2000e-3(a). as follows (on the next Page),

(Page seven[seer])

(a) 9. During the Pendency of the HALT Act effective Date of March 31, 2020, Defendant(s) Doccs & Union entered into an Agreement of Comprise and Settlement with each other, in an attempt to dispose of the HALT Act, and to retaliate against Governor Kathy Hochul, and New York State Legislators.

10. In return, each class member was affected by, Defendant(s) Doccs; And Annucci, Placing Defendants) Union and Uhler and given them the right to apply to be placed on a Preferential hiring list from which selected be we employees, as a Residential Rehabilitator Unit Staff member, or a Superintendent; and Disciplinary Hearing(s) And requiring them no training, as required in Correction Law 137.

11. (b) After hearings this Court approved the settlement terms by it's Judgment(s) of April 01, 2016. That order, was a Settlement between Defendant Annucci and Doccs, with the New York Civil Liberties Union ("NYCLU Settlement"). Defendant(s) Filed a Putative Class action on May 07, 2021, alleging that the HALT Act violates their due-Process right to be free from State-Created danger. On June 16, 2022 this Court denied Defendant(s) Complaint and it's Counsel had not afforded a Claim. (See Exhibit 01 A, B    Attached.

( Page Eighteen )

(d) In Those class members who succumed to the Denial of Release from Docs Custody on Parole, Conditional Release Date(s); Criminal Sanction(s) Impact; Time Allowance; Good Time Restoration, Residential Rehabilitation Unit; Disciplinary Hearing(s); Religion Practices; Conditions of Confinement or atypical and significant hardship. By the Defendant(s) Docs and Anucci by placing Defendant(s) #2 Union and there members on a Preferential hiring list, and employing them to Upstate (RRV) with no training required in Correction Law 137. While class members) did not waive their Due-Process Rights, they were denied the opportunity to attend Time Allowance; (see exhibit bit ) Parole; Program Management Team (PMT); Grievance Hearings; and/or be given any assistance if did attend. The class members) with Conditional Release Dates) in 2022 or if Good time is restored immediately release were and are more vulnerable to RRV- Denial or Discharge; and a Conditional Release, or General Population, and are subject to many relative disadvantages attendant upon the lack of training RRV-staff and Union members. Defendant(s) discriminated against them depriving them of their state and federally Protected right(s) to Participate in RRV without retribution in Proceedings seeking full affirmative relief in this class action.

(Page Nineteen)

(2.))3. In connection with the Defendants Union Putative May 07, 2021, class action against Gov. thelthol, Defendants Doccs, and Union making representations designed to further assist Defendants in their efforts to discriminate against the class. A copy of an illustrative example of Defendants denial of the HALT Act, refusal to accept, and a fabricated, exaggerated November 21, 2029 manipulation ploy, which gave birth to an onslaught of attacks throughout of Doccs, to create satistical data to refute HALT Act. Defendants have engaged, and continue to engage, in-tentional practices designed to deny Plaintiffs' HALT Act Provisions, and lawful contineverty depriving class members of Liberty, Due-Process; Equal Protection; internally and discourage and prevent class members from filing Grievances/ asserting their Redress of Government First Amendment Rights), Title VII rights). This conduct by Defendants, aimed exclusively at at persons who were and are members of litigant Plaintiff Ako K. Burrell, Who was enrolled in Upstate Correctional Facility- Residential Rehabilitation Unit, constitutes differing and discriminatory treatment in violation of Title VII, 42 U.S.C.A. 2000e-(G); HALT Act; New York Correction Law; New York States Codes, Rules, and Regulation Title (7) Seven United States Constitution;

( Page Twenty)

15. The actions of the Defendants Constituted a Conspiracy between them, maliciously Carried on, to deprive the members of the class of their Civil rights in violation of Title VII; HALT Act; New York State Correction Law; New York State Codes, Rules, and Regulations Title 7 (Seven); United States and New York State Constitution &I.

16. On or about January 25, 2021 Senator Salazar, Act to amend the Correction law, in relation to restricting the use of Segregated Confinement and Creating alternative thera Peutic and rehabilitative Confinement options (See Exhibits D)

Wherefore, Plaintiffs respectfully Pray that this Court, Upon hearing, enter the following orders in accordance with the Provisions of Title VII; 42 U.S.C.A 1983;

(a) Declaring the rights of the Parties and Finding that the conduct was and is violative of Title VII, 42 U.S.C.A. 2000e-3 (a); 42 U.S.C.A. 1983; United States Constitution; New York State Constitution; Correction Law; Codes, Rules, and Regulations, and the HALT Act;

(b) Entering Preliminary and Permanent Injunctions enjoining and Prohibiting Defendants from engaging in any conduct with respect to Plaintiffs' and the Class which is violative of Title VII; 1983; HALT Act; New York State Constitution; Correction Law; New York State Codes, Rules, and Regulations; United States Constitution

(Page Twenty-one)

(C) Ordering Defendants by mandatory injunction to take such action as is deemed necessary to eliminate the effects of the unlawful conduct and to assure that such unlawful conduct does

not continue to affect the services required for a Program Management Team Review; by the Residential Officer rehabilitation(s), and a Doccs security; consisted with Captain - to even as low-as a Sergeant, Correctional - Officer(s) Untrained; and Staff, Untrain issuing negative informationals, to be reviewed by Both Rav-staff; review at the Point detering a successful discharge. rights and opportunities of Plaintiff's and the class, including but not limited to release from the Doccs upon a Resindational Rehabilitation Individual Plan SERVICE(s) Needed; and a Projected Time frame to be released within Correction 137; Critieria and eligibility

(Page Twenty-Two)

11. Defendant(s), in violation of the Provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. 2000e et seq, have denied and continue to deny Plaintiff(s) and the Class they represent equal opportunity for HALT; and Correction law 137. In Particular, Defendant(s) have engaged & continue to engage in the following on lawful Practices that are not HALT; or Correction law efficient operation of the Upstate Residential Rehabilitation unit; 309 Bare Hill Road, Malone, New York 12953, :

A. Maintaining a Policy of Pre-HALT Era; Upstate Special Housing unit manual. Not enrolling Plaintiff(s) into the RRU-Upstate Programs, or treatments,

B. Establishing a rebell of the HALT Act; to deny Governor Kathy Hochul, by Providing unequal Placement into RRU,

C. Increasing the number of Correction officers and Staff without training. mandating seperate and unequal access to jobs and Promotions for Corrections union members in DOCCS.

D. Maintaining terms and Conditions of employment for Female officers that are different and unequal to those applies to Plaintiff(s) under HALT; Correction law.

E. Requiring Correction officers and Civilian to Perform the same Special Housing unit, and receive a higher Pay rate as in RRU.

( Page Twenty - Three )

(i) Ordering Defendants to offer all Class members immediate placement on the DOCCS; Time Allowance Good Time Credit Rewards and Allowance and Reparations for unlawful Confinement; Failure to Provide Services to be Successfully Release on a Fixed or tentatively Release by a Program Mangement Plan Review from DOCCS: A. To take affirmative measures, in accordance with a Plan approved by this Court, to assure that all recruitment, examination & hiring Practices utilized in obtaining Employees for the DOCCS RRU are designed to insure equal Protection for all Persons HALT ACT;

B. To enroll and discharge Plaintiff(s) 60 Day Review Satisfied.

C. To discontinue giving Special Housing Manual(s) and obtain Predications of Job Performance with the HALT ACT;

D. To Cease rejecting Plaintiff(s) Conditional Release; Restoration of Good Time; RRU SUCCESS ful discharge

E. To discontinue Placement & Promotion of Union Correction members until they undergo the specialized training under HALT.

F. To Publize these Charges in the Community & actively seek applications from trained DOCCS."

(page Twety-five)

18.) Defendant Anthony Annucci is the Commissioner of the Department of Community Supervision and Corrections 1220 Washington Ave, Albany, New York 12226. In this capacity, he is responsible for administering the Dept. to enforcing the Provisions of the HALT Act; & Correction Law relating to Correctional hiring and Employment Practices Defendant allows to be applied in a manner that discriminates in violation of 42 U.S.C.A. 2000e et seq. & 42 USCA 1983.

19. Defendant Central Officer is the recruiting director of the 1220 Washington Ave, Albany, New York 12226. In this capacity, Defendant is responsible to the Commiss-ioner for the recruitment, testing & certification of all applicant(s) for employment with the Department of Corrections and Community Supervision; 1220 Washington Ave, Albany, NY 12226.

20.) Defendant Kathy Hochul is the Governor of the State of New York, who is responsible for governing the Doccs & Providing that the Provisions of HALT Act, Correction Law are enforced, including appointment of the Commissioner of the Doccs.

21.) Plaintiff(s) bring this action on behalf of themselves and all other Persons similarly situated, Pursuant to Rule 23(a) & (b)(2) of the Federal Rules of Civil Procedure.

(Page Twenty-Six)

22) Defendant(s) are all Offender Rehabilitator Coordinator(s) ;(Seniors); T. Nelson, St. may; Hess; Dumas; Campbell Donnelly; Johnson; Fountain; Fye; Foucher;.

23) Defendant(s) are Doccs Administration Annucci, Noeth; A. Kogriuct; Central office Supervisor John Doe; ; Defendant(s) are UCF-RRU-Administration; Uhler, Bishop. Stickey.

24) Defendant(s) are Union members; and Doccs UCF-RRU Staff; Captain Curim; Sgt. Deerbone; Bradsford; Bullock, Rowe, Rowe; Niles, Swayer, Lt. Spinner; Hastings; Morville; K. mulette; Sgt. Locke; Martin, Osbourne; Ortego TO; Sgt. Spinner; Mattis; Powers, Watkins; Delaney Devon; Delaney, Brad;

25) Defendant(s) are UCF-Doccs Civilian(s) ; I K P C. Baynes; I K C II mein villy; Food Administrator(s) 6 Boile

(Page Twenty-Seven)

25. On or about November 01, 2022, diciplinary Guideline(s) & Sanctions were modified so that only Tier III offenses align with the law wasn't a Confinement Penalty. This is a Superintendent hearing, governed under New York Codes, Rules, & Regulations, Title Seven (7) (hereinafter NYCRR 7), Ch.P.V., & / or Part 254. Hearing Officer (hereinafter H/O) States & is the mode of Procedure " The Person appointed to Conduct the Superintendent(s) Hearing Shall be either the Superintendent; Captain or Commissioner(s) hearing officer employed by the Department or Central Office (Defendants) Docc(s), but the Superintendent may in his discretion, designate some other employee to conduct the Proceeding".

26. Plaintiff(s) Burrell, will demonstrate, Annucci, is the Commissioner of Doccs & the Supervisor of UCF-RRU and more importantly is also the Proprietors responsible for the enforcement of the integrity, of Plaintiff(s) Burrell Due Process rights which he intentionally deprived Plaintiff(s) Liberty & Property interests.

27. Annucci & Central Office (Defendants, Docc(s)) were more than mere rely negligent, Providing no available due Process, Annucci & Central office, (Docc(s)) and uhler intended to deprive Plaintiff(s). Burrell of Property & Liberty interest, in there Procedural & Substantive due Process Violations. Doccs were & is employing commissioner officer to conduct Tier III hearings, as H/O, without any training as required. Doccs & Annucci is Central officer supervisor, & is responsible for the commissioner(s) officer, his delegates, has the required training to meet due Process ramifications in 7NYCRR Dir. 4932, & Correction Law 137.

[ Page Twenty-Eight ]

$\underline{28}$. Defendant Uhler, was never trained to conduct these superintendent hearing(s) at the UCF-KAV, as of March 31, 2021. Nor was SORC Nelson, Sore St. Mary, Lts Spinner, & Captain Gourdin. Annucci, failure to train Uhler, St. Mary, Lts Spinner, Nelson & Gourdin, ripple effect Uhler delegates to his superintendent hearings, were negligent. Making Dolce, & Annucci, Central office, UCF-KAV, & Uhler Municipal liable.

$\underline{29}$. Annucci & Central office, were required to training these Commissioner(s) office(s) (John Doe Defendant(s)) in accordance with Correction Law 137, & HALT Act.

Defendant Uhler, was required to provide training, a Specialized training, prescribed in Correction Law 137 & the HALT Act, Pursuant to NYCRR 7; Dir 4932 2§4.1, he whos a official capacity under the color of law, to conduct Tier III hearing(s) authues, & defined in HALT Act & Correction Law 137. Annucci, Central office, Dolce, Uhler & here delegates. Commissioner officers, & Sore Nelson, Dolce St. Mary, CPt. Gourdin, & Lt. Spinner (Defendants #(10). Then allowed these hearings to be conducted at UCF-KAV, & render guilty dispositions against Burell, of liberty interest (i.e. Good time) Conditional release; Program eligibility, transfer, JTC, not limited to Cargo Property loss; loss of Packages, carry surcharged at a $5.00 fee for the guilty disposition. This has caused Defendant Dir. Sth A. Rodriguez, who refuses the trang to conduct erroneous appellate review of Burell Tier III appeals.

(page Twenty-Nine)

30. The Plaintiff was and is at all times stated herein as confined under the New York State Correction(s) Law 137; New York Codes, Rules, and Regulations Title(7) Seven. Correction Law 401; 168; HALT Act).

31. These antitled liberty and property interest at all times complained of herein. and the entirety provisions Such as at least six hours of out-of-cell Programming (e.g. Congregate Programming Like services; treatment; recreation; activities and meals).

32. Plaintiff was informed by Defecat Uhler and ILRC, that "the facility was procuring more static tablets and was slissay" Uhler, informed Deceptive ploy, Plaintiff failed this alleged "Procure in additional Tablets," as a deterrent to Prevent Future attacks of Plaintiff ad Meglency, towards dach other, over having to Share the Static tablet, Using more than an (quoted use isuration agreement 2 Cole. eng of hours Garden" Plaintiff failded this recovery, and inventory request Pertaining to Static Fablet(s) additions, none existed.

( Page Thirty)

33. , Plaintiff, arrived to the UPState Residential Rehabilitation Unit on or about April 12, 2000. They refused to be effective in Performance of their duties. That is required to, In the Interest of accomplishing, Public goals, with the New York Civil Liberties Union ("NYCLU settlement, i.e. Peoples v Annucci, 180 F. Supp. 3rd 399 (S.D. N.Y, 2016) or April 01, 2016) that encouraged Public Services by these Defendants, therefore the eligibility for qualified immunity is disbared. (See Exhibit A)

34. Doccs is a municipal is liable as well as the Union(s); The Congress did doubt it's Constitutional, powers to impose Such liability in order to oblige municipalities to control the conduct of others. Congress never questioned it's Power to Control of others, and impulse Civil liability on On municipalities to control the rights For Defendants, Own illegal acts,

35. Congress did intend to impose liability on a municipal(s) Defendants When they're deliberate action is at the core of the moving force in the injuries Plaintiff(s) Burrell injuries. This 1983 Complaint, Plaintiff(s) Burrell identifies a decision properly attributable to the Docs & Benelover-HALT Act, and Correction law 137 RRU-Program. These Defendants, directed employer to violative Federal Due-Process Liberty and property interests and NYCRR(7), 4933, Correction law 137, 610. 401, and 148, resolving these issues on Fault and Causation of Doccs and Union is Straight forward.

(Page Thirty-one)

36. The Defendant(s) DOCCS, Annucci, Deputy Commissioner Noeth; Benevolence for Correctional officers; ORC Hess; ORC Hess; Fortas; Donnelly; Johnson; Hy Sorenkelsay at st mary, Deputy of Programs Stickney, Deputy of Security Keriginald Bishop; Captin Harding; Superintendent Donald Uhler.

37. All the RRU civilian Staff & Correctional RRU security Staff. The title 42 USC 1983 Provides in relevant Part every Person who under color of any Statute, Ordinances; regulation Custom, or usage or any state or territory or the District of Columbia Subjects, or Causes to be Subjected any Citizens of the U.s. or Other person within the Jurisdiction there of the U.S. or other Person with the jurisdiction there to the deprivation of any rights, privileges, or immunities Secured by the Constitution of laws, Shall be liable to the Party injured in an action at lawsuit, in equity or other Proper Proceeding for redress,

38. The HALT Act of March 31, 2022, and Correction Law 137; DOCCS and these defendant(s) under the Constructed test for qualified immunity by balancing Competing interest in the Jurisdiction of Citizens Constitutional rights, & in these Public Officers refused to Provide Plaintiff(s) Burrell with New York Congress na RRU Program Plaintiff(s) Burrell, with New York Congressman RRU Program and Conditions of Confinement & is Stalling filing a Class Action to repeal HALT (See New York State Correctional officers and Police Benevolent Association Inc; 1:21-cv-535 (MAD/CFH); WL 2022 2180050), Docts and the Uhler constitute a element of NYS Correctless Systemic racism eipidemic. (See Exhibit B)

(Page Thirty-Two)

Due-Process
Deprivations

39. DOCCS & the Union, correctional officers and Civilian staff,
were the final decision makers of the HALT ACT Due to the
union Persistence in having the HALT repealed raising fut-
uristic statistical data, of fabricated assault on Corre-
ctional officers & Docrs staff. The union, B Anwecj, on
or about November 21, 2021, conspired to cause a influx
in violence statistical data at several DOCCS maximum
security facilities. They acting in concert, Docrs are

40. Defendants employer and Anwecj, is that decision maker
working in an collusive effort with defendant(s).
Uhler, Bishop, Fenton, Johnson, Frye, Hess, Donnelly, Dumas;
St. May, Nelson, and Subordinate Staff/union were directed
by Thomas Hannahay and Anwecj, we Uhler. They believed
that if they demonstrate a degree of violence within
Docrs facility, the HALT Act can be repealed. The mines'
were so enthralled in Prevenating the HALT Act Provisions
after it was already passed. They refused to Provide the
rights, services, & treatment(s), Pursuant to HALT; Correction
Law 137; repeal (1); 4930. Docrs final decision makers
are Anwecj, Uhler, Noeth, Bishop, Thmas Hanah, Union Administrations
CCI employ. The final decision was adoption of a cour-
se of action tailored to the Particular Situation of High
Forseeable MRV violence that & Defendant(s) were in Consern-
SVS. They did not Inted to with the adoption of the cho-
VSe of action, not to undergo the training Required Pur-
hat to HALT Act & Correction law 137; This decision was inte-
nded to control decisions in late Situations to not allow
(Hearings) State created liberty Interest Procedures, Circu-
instances give rise to municipal liability.

(Page Thirty-Three)

41. The Contors of the right(s) are sufficiently clear that a reasonable official would understand that what s/he is doing violates the Rights of HALT;

NYCLU settlement, that is not say these Defendants official actions were or are Protected by qualified immunity unless the actions in a question has seen previously been held Very action in a question has seen previously been held very action in a question has seen previously been held unlawful. That in the light of Pre-existing Correction Law 137, and Dir. 4932; before That is not to say these defedant(s) official actions were or are protected by qualified immunity unless the very action in a question has seen previously seen held unlawful. That in the light of Pre existing Correction 137, and Directive; before HALT Act, the unlawfulness is apparent.

42. The existence of RNU-Program makes Proof of fault causation at least in an Inadequate training aspect of the complaint. The Plaintiff(s) Burnell will show that the Docs and Union actions taken in response of the enactment of HALT. The realities of degree(s) of culpability to demonstrate a "Direct Casual link btw. these two Municipal(s) actions to the Deprivation of Plaintiff(s) Burnell Federal; and State Rights,

(Page Thirty - four)

43. Congress never questions it's power to impose civil liability on municipalities for their own illegal acts, Defendant(s) Annucci, ad Uhler, knew or obvious consequences of Due-Process violation(s), inter alia, all on Provided by the showing of specialized training required for Union members must undergo, that Doccs Failed to train it's UCF-new employees to handle reunning Doccs, new situations Presenting an obvious Potential for such a violation. These violation were as are highly Predictable Consequence(s) of Doccs failure to train, & Union member(s) refusal to train & there by Justifying an Class Action finding of deliberate indifference by Policy makes.

44.          The act(s) Performed, Pursuant to the "custom" has not been formerly Approved, in B no longer existing. These Defendant(s) Annucci, Uhler, Doccs, & Union, (members) alia was required to conform to HALT Provisions and the Previous relesy Guideliness, of Superintendent Tier III (mbr) Hearings, and the Previous rules no longer existing by an appropriate decision maker, fairly subjects Doccs to liability on the evidence & theory culture in their class action that the relevant Practices an so wide spread in Doccs & UCF-new to it has the force of law triumphing the HALT Act, arbitrariness a totalitarian municipal.

(Page Thirty-Six)

45. The continues adherence to a approach to fabricate Prisoner(s) Plaintiff(s) Burrell assaulting Defendant(s) members & employees to conjecture evidence on the verge of foreseeable futuristic capabilities, to repeal the HALT Act, & the refusal to undergo the required trans, the HALT Legislators Specified in correction law 137. That Amucci had ample amount of time to provide the required training. Since the or start of the HALT Act effective date of march 31, 2022, was axiomatic

46. Defendant(s) did not order a State-wide memo to C.O & Civilian Staff of the training required. Instead Amucci, Published a memorandum in November 21, 2022, adjudicating that Plaintiff(s) will be Prosecuted. This was under the direct influence or a sympathy manipulation play, by unborn members, & Willey to undermine legislators HALT Act.

47. The Continued adherence to an approach to not train but hire Docts & Union members to New officers; Hearing off Class & Staff, but blatantly defying Congress. They knew or should have know that no training h.3 Prescribed in Correction law 137 from relevant expert(s), or inter alia Psychological in correction law 137 from relevant experts, on inter alia Projects or segreged Confinement; anticipating there Class action 2022 W2 2180050, will Cause so these failures to provide Factious Conduct by employees establishes the Conscious disregard for the Consequences) of their actions exercised in a Pattern of Constitutional violations.

(Page Thirty-Seven)

48. The fundamental requisite of Due-Process of law is the opportunity for Plaintiff(s) Burell to be heard. Plaintiff(s) disciplinary hearing enjoys only the most basic Due Process rights, Pre-HALT Era. The HALT Act raised the training of hearing officers(s) (hereinafter H(o) to inter alia a min. of Forty-Seven (37) hrs. of specialized training on Substantive content developed in consultation with relevant experts, on topics including, but not limited to, the purpose and goals of the non-Punitive therapeutic environment, trauma-informed care, restorative justice, and dispute resolution methods. Prior to Presiding Over any hearings, all hearing officer(s) shall undergo a min. of thirty-seven hrs. of training on relevant topics, including but not limited to, the physical and psychological effects, of segregated confinement, Protocol and due process rights of, Plaintiff(s) Burell and restorative justice.

49. These Defendant(s), Annucci, Uhler, Bishop, Doccs, and Union (verses) refusal(s) to provide Plaintiff(s) Burell with the new HALT Act applicable to them. These Sanction Publish Guidelines, rules of conduct, inter alia, It is Permissible for the failure to train (State Created-Danger), & injury in Fact theory applies to all Defendant(s), Doccs, Ucf-Reb staff. These official(s) evinced by various conflict(s) of interest and is adjudge of sufficient magnitude to violate Due-Process.

( Page Thirty-Eight)

50. To support a change of Hlo (Defendants) mindset,
B Profound with trainings with relevant experts,
inter alia, not limited to Due-Process & restorative
Justice. This HALT Act, of Congress elevates the
DOCS Superintendant Tier Hearings, Pursuant to NYC-
NR (7); 4932, to a quasi-judicial activity & to the
improper withholding of training, caused Plaintiff(s)
errenous Disciplinary penalty.

51. These Defendant(s) plaintiff(s) Burrell, the rights,
services, & treatment of Correction Law 137 and Dir
4930; (7 NYcrrs); plaintiff(s) Burrell received Pmt,
IGRej nor discharge loss They Program(s), inter alia
determinations that were under disciplinary
charges circumstances, in the and resulted in arb-
itrarily, & adversely pre determined decisions
by defendants and no entitlement of Due Process.

52. Docs failure to adequately sensitize these Defendant(s)
applications, & the RRV training satisfaction of union mem-
bers; Correctional application(s) abrogated constitute de-
liberate indifference. The hiring Policy & training Policy
at Docs, & VCF-RRV as instituted by Congress Pur-
suant to the HALT Act & Correction Law 137; Reference
(7), : 4932. The Defendant(s) union & Amici, (Docs), were
each so inadequate as to amount to deliberate in-
difference to the constitutional needs Correction Law 137; ri-
ghts, services, treatment; & conditions of confinement
of Plaintiff(s) Burrell needs.

(Page Thirty-Nine)

53. HALT Act Provisions: (4) If individual Charged is (Plaintiffs) Placed in segregated Confinement Prior to their discipliney hearing, the hearing must be completed within 5 days, unless the ili requires either medical or omh att, is not Present at the facility, (2) Upon issuance of the MBR, the ili will be served with the disciplinary MBR & an attached Tier ASS- istance form, which includes the criteria for both out- Side representation & representation by an ili. Form Completed Upon receipt & brought to the first sched- uled meeting with the assigned hearing officer. Charged ili will be given at least 24 hrs after the service of the MBR to Prepare a defense,

(5) Commencement of the hearing, assigned Hlo, the Charged Party will choose to either (1) Continue with the hearing imm- ediately; (2) Request a Postponement of the hearing to Seek i.e. assistance, Representation; (4) If assistance is requested by the Charged ili, the Superintendent will assign an assistant; (5) If an ili requested representation, it is the ili responsibility, to seek outside representation during the time access to the Phone is Provided. Access to the Phone will occur within 48 hrs. of the Commencement of the hearing. The ili is responsible for Scheduled date/time of the Postponement legally & all dept. requirement for representation; (6) If ili determ- ines they want a ili to represent, they have to specific- ally identify their chosen ili at the Commencement of hearing (7) All potential witnesses must be identified at the start of the hearing; (8) All parties Shall conduct themselves in a Professional manner consistent with appropriate standards of de Corum; (G) After Superintendent Hearing a ili receives discipliong Sanctions of more tan 15 days.

( Page Forty)

54.

they, will be transfered to a RRU or Step down Unit (SDU) at or Prior to reaching 15 days in SHU, Sanctions are not capped at 15 days SHU, but must be in line with Publish disciplinary Guidelines; (10) HALT result in, ili may be Placed in SHU for longer than necessary to no more than 15 day (5) Constitutes a violent felony act, then ili can be returned to SHU as long as they have spend at least 15 days a d.3 Position with relevant Guidelines, or in excess of the Guidelines in certain cases, the remainder will be served, depending on the case, in either a RRU, RHU, SDP or other alternative Unit.

The New York Statutory requirement that DOCCS 3 Amucci annually review all rules, 3 regulations pertaining to Plaintiff(s) Burrell. New York Statutory requirement that all such rules be Precise 3 specific would of support imposition of liability to Plaintiff(s), Burrell on Amucci, DOCCS, Central office, * Unless under the 1983, Rose Defendant(s) had failed duty imposed upon him by State laws (e.g. HALT, Correction 137) 3 Created Policy, of Directs (7); Dir. 4933, Standards of inmate behavior, 3 Sanction Guidelines, Directives Policies remain in effect Under White Unconstitutional Practices are occurring 3 have occured in the Complaint below. (see Exhibit )

( Page forty-one )

55. The HALT Act reads as follows: ..... the disciplinary hearing process has been revised to comply with the provisions of HACT, as follows; made pursuant to the 2016 NYCLU Settlement Agreement with Annucci, & DOCCS. In Peoples v. Annucci, supra the plaintiff(s) in New York State Prisons, had challenged the constitutionality of Solitary Confinement, the court stated "..five years after Peoples filed his initial complaint, a his-toric settlement was reached on behalf of thousand(s) of pri-soners" in this class action..suit challenging Solitary practices across the New York prison system. This settlement, which I approve today, will greatly reduce the frequency, duration, & severity of solitary confinement in New York State Prisons".

56. This is establishing Burrell injury & the factor(s) of the failure to train theory, against Annucci, Central office, Unitg, & DOCCS as a municipal. Per governing Statute or UCFFRAV; Dir. 4923; 254.1; Tier III hearings; New York State Correction Law 137, & HACT Act; & Senate Bill No. S 2836, is concrete in the particul-arized in the criteria to conduct & Tier III hearings, # these governing authorities are actual & enacted legislation, imminent, right(s) afforded to Burrell, not conjecture or hypothe-tical. The loss of liberty & property interest(s), as a res-ult of the guilty dispositions, & appellate review, loss of good time recommendations; triggering a Time Allowance Committee hearings, & loss of conditional release from DOCCS.

(Page forty - two)

57. His lack of training, causes his deliberate indifference to Burell rights, that require reversal, and/or dismissal of Tier III hearings. A. Rodgruec is conducted these appellate reviews, as the SHU Dir. of Doccs, he was appointed to conduct these reviews, by Annucci, who never trained him

58. Correction law 137, required Central office, Doccs, & Annucci and Uhler to employ & operate UCF-RRY, for the Tier III Superintendents/HO, for the Purpose of undergoing specialized training to assignment to such unit & regular specialized training hereafter, or substantive content developed in consultation with relevant experts, on topics including, but not limited to the Purpose & goals, of the non-therapeutic environmental, trauma-informed care, restorative justice, & dispute resolution methods.

59. Prior to Presiding over any hearings, HO shall undergo a min of 37 hrs of training on relevant topics including but not limited to, the Physical & Psychological effects of Segregated Confinement, Procedural (Due-Process), effects of plights of Burell, & restorative Justice

On or about June 09, 2022, Doccs FOIL specialist Sedra Catalfamo, Provided Burell with Governing authority for Tier III hearings, Plaintiffs/ Burell was informed that Annucci "... there were no finalized Directives with related materials available to offer"... & that "... available is the two-Page memorandum dated March 29, 2022. Never States/ when this two Page memo was mailed to UCF-RRY, gave Plaintiff knowledge. Ms. Catalfamo directed Burell "... look up and review Bill # 32836.

( Page Fourty-three )

60. Defendant(s) Annucci, DOCCS; Union (members), who under direction Predicting the consequences of a hiring decision, for Union members, who under direction of there leader to "Don't trust try against you", based on this inadequate assessment of a record of Subterfuge, Protest, manipulating, Protest, & Stagnation, obstruction of Justice DOCCS as a Policymaker could reasonable conclude that typically Obvious consequence(s) of the decision to hire the complicated to a new position would be the deprivation or Plaintiff(s) federally Protected Right(s).

61. This training of Defendant(s), by DOCCS & encourages not ignored or used as a Barter to reel HALT Act. No limitation on Services, treatment, or basic needs such as clothing food, & bedding shall be imposed as a form of Punishment wholesome quality & nutritious food, upon admission, Program & mental health Defendant(s) were required to administer assessments & develop an "IPP", in consultation with residents Plaintiff(s) Brown based upon his medical, mental health, & Programming needs.

62. Such plan shall identify special goals & Programs, treatment, & services to be offered with Projected time frame for completion & discharge from the unit. Resident(s) Brown shall have access to Programs & Work assignments Comparable to General Population to core Programs & types of work assignments & Population.

(page Fourty-Four)

63. If Plaintiff(s) Burrell is not discharged from the unit, one from Program(s) and one from Mental Health (Defendant(s) Staff shall specify in writing the reasons for the determination & the program treatment, service & corrective action required because discharged. Plaintiff(s) Burrell, if required to be given access to the programs, treatment, & services specified, & shall have a right to be discharged from upon the success fullfillment of such requirements.

64. All Defendants Raw-Staff, upper members & their superiors, be required to undergo specialized training prior to assignment(s) to such unit & regular training thereafter, in substantive content developed in consultation with relevant experts on topics, not limited to, the purpose & goals of the non-punitive therapeutic environment, trauma-informed care, restorative justice & disputes resolution methods.

65. Defendant(s) Annucci, & Uhler, deprived Plaintiff(s) Burrell of substantive Due-Process, due to there failure to train the UCF-RRU subordinate staff. Annucci was required to train UCF RRU Staff in order to legally confined Plaintiff(s) Burrell lawfully, Pursuant to the march 31, 2022 Humane Alternatives(s)(Long Term Solitary Confinement Act) New York State Correction Law 137; these statutes created a liberty interest to Plaintiff(s) both in Property & liberty. These arbitrary deprivations, that threatens the DOCCS institutional interest & imposes undue administrative burdens.

(Page Forty-five)

66. Defendants Reginald Bishop; Donald Uhler (herein after UCF RRU-Admin), imposed the most restrictive environment for Plaintiff(s). The Arbitrary Denials, outside the Jurisdiction of the New York State Constitutional Obligatory Bill 2836, had no penalogical justification.

67. UCF-RRU-Admin., Omission(s) Of a HALT Act Curriculum, was a municipal Policy or training Certification(s). The UCF-RRU-Admin. delegated to there Subordinates, they are as Follows: Eight Building UCF-RRU B-19 bottom; B-2 = 32T. (Defendant(s) (hereinafter member(s) of the, Unider Braudwee union; Hearing Officers) Known and referred to in Complaint as ("#8; Bldg; H/O     ). / 8th bldg.; Sergent(s); of Correctional facility.

An

[Page forty-six]

68. Defendant(s) Uhler imposed the most restrictive environment for Petitioner. The Regional Bishop, denied to give Plaintiff(s) Burrell Showers. Bishop Stated "Listen your in the SHU, were keeping our SHU manual Intacys so sparce all that Albany HQACT shit, your getting (3) showers a week if your lucks.

69. The Plaintiff(s) have a shower inside there cells. That causes no burden on Bishop or Uhler. The Shower is controlled by the counsel, there is no Penological justification in the denial. Correction law 137 entitles us to Showers every day.

70. Uhler & Bishop deny Plaintiff Congregated Recreation. The UCF-REV has a rec yard & gym that the general population is utilizes in congregation. The days the general should be allowed to attend rec, the

71. Plaintiff(s) can attend gym and vice versa. Uhler & Bishop Stated " Yeah, right, you will never enter our gym, I bet you would its state of the art too".

72. Defendant(s) Uhler, Bishop, & Hess, imposition of limitation on services & has restraints on Plaintiff Burrell. They never informed Plaintiff of the individual assessment that was made requiring him to be placed in restraints, every time he exits his cell.

73. These Defendant(s) Stated "It's Joseph Doesen, he issued a memo, Hooking you in restraints". Plaintiff Burrell, failed this memo, and it was not located in Docs files.

(Page Forty-seven)

The Following are Federal Causes of Action, and Supplemental New York State Claims.

74. Defendants? Uhler, Bishop, & Union Members, employed at UCF-RRV, refused to be frank or deescalation of Problems; alternative resolutions there is still unprovoked attacks, by main ville/Hastings. The Defendant Hess, has a Supervisor who has as many as Supervisor required to be present at the June 03, 2022, SMT hearing June 03, 2022, Hess has no training, & made the final determination without an authorized authority figure. The SMT was schedule for June 10, 2022 & not June 03, 2022. Also Hess, is conducting operations, above & beyond his authority in decision making violating Plaintiff(s) right(s) of Due-Process.

75. Plaintiff was never officially enrolled into UCF-RRV until June 01, 2022. Defendant(s) were un-trained, so they were not diligent in making sure that the Correction Law (37) was followed, upon admission. They conjured an IRP, without the Plaintiff(s) Burell Consent, & without Plaintiff(s) Burell, voluntarily, intelligently, & knowingly waiving his right to be present at the meeting of the IRP, his right to attend group or any of the incentives. (See Exhibit )

76. Plaintiff Burell was informed on or about May 31, 2022, by Defendant Hess that IRP, Defendant Baynes, that pursuant to Directive 4040 (701.5), Procedure (4 IIC)(4) that the SMT & RRV are all under Program Decisions.

(Page Forty-Eight)

77. These Defendant(s) Doccs; Annucci, Central Office & Uhler were required to review all Prison rules, & that a modification (7)NYCRRS 4932, Standards of Inmate Behavior at All Institutions, p Sanction guidelines, were required under the March 31, 2022, & Correction law 137. These Defendant(s) knew & recklessly disregarded the fact that the existing rules Constituted improper Custom & Policies, in Tier hearings, & Disciplinary hearing(s) in general, would Support liability of Commissioner for instance of improper application of the Pre-HALT Tier Hearing Policies, rules, & regulations.

78. The Defendant(s) have been aware since November 21, 2022, that new Policies, were required B not amend these rules & regulations, after March 31, 2022 would impinge on Plaintiff(s) Burrell right(s) to be Confined with Uniform rules that reasonably related to legitimate Penological interests.

79. The Defendant(s) are deliberating depriving Burrell with Charges of MBR that he never received the rules, nor send Plaintiff(s) be given effective Defense preparation to understand the new Tier hearings Procedure(s), to raise these objects, for appellate review by Defendant A. Rodgriver to the New York State Third Department, in a Civil Practice Law & Rules; Article 78 Challenge(s) of the HO & Rodgriver affirmation and/or Guilty disposition Sanctions. Plaintiff(s) Burrell have not been Provided with any of the HALT ACT Rim rules of Doccs, & Annucci, Uhler & Central Officer to enforcing this, Causing liberty & Property Liberties.

(Page Forty-Nine)

80. Defendant(s) Sorc Nelson, ORC Fontains ORC Johnson, ORC Hogg ORC Donnelly, ORC Dumos, Serc Shorry, Sgt. Dearbrey, Brodstord, Rowe; his cro's Delacy/Brod, Devon Delacy, OZ Lneres Rowe; Nathy & Miles Bullock. Failed to Property enroll Plaintiff(s) Burell into VCF-dorr in accordance to correction Law 137, within the conditions of confinement Plaintiff(s) were entitled to rights of services, & treatment in accordance to Law Regulations.

81. On or about April 13 2022 Plaintiff(s) Burrell arrived with 33 other Prisoner(s) Plaintiff(s) Burrell, know Clinton Clinton CIF. Plaintiff(s) Burrell signed the Static tablet agreement. This agreement entitled the Plaintiff to a min of (4) four hrs, with the tablet for inter alia, therapeutic purposes. Defendants, Uhler, R. Bishop, John Doce's; Laws St's, Bracsford & Bullock, enforced a policy in VCF RRU (8) Eight Building, of one tablet for two Plaintiff (s) to share for (4) four hrs.

82. This ultimately created a hostile environment with the living conditions, Plaintiff(s) Burell began to fight negleeuy for using more than two hours alloted to them Plaintiff(s) suffered from lacerations, broken bones, muscle, & nerve damage(s), to mental anguish as well as additional STN Sanctions under Tier III for inter alia assault on Plaintiff(s). This was forseeable 3 Uhler & Annea, refused to comply with State law aware of these State created dagers.

(page Fifty)

83-Defendant Baynes informed Plaintiff, that there were no RRV rules or HALT RRA Tier Hearing Rights, Baynes "were(SIC) using the law...". The Defendates/ Uhler, Bishop, And Sticknery are disregarding the law, by upholding it's SHU Policy, in defiance of the HALT ACT of March 31, 2022, This totalitarian dicketorship, was Promised to remain UCF-RRV, UCF SHU.

84. The defendant(s) denied Plaintiff Congregated religious belief or Islam in congregation. Plaintiff suffers from mental health illnesses, and is Prescribed mental health medication to cope with these Problems. Plaintiff was admitted to Suicide watch, upon a suicide Contemplation on April 13 2022, his first day in UCF-RRV, due to a failure to conform to SHU Policies, after 85 Days SHU.

85. Defendant(s) Mental Healthy Uhler/see Bishop, has not Reassessed the Plaintiff Burrell within 14 days @ no DMH staff made a recommendation in this regard as required is Correction Law 137(D). Plaintiff is under sub division (V) of this statute, he suffers from a Serve Personality Disorder, this UCF-RRV Causing him to be denied rights, services, @ treatment Causes him to have frequent episodes of depression, and Pulls trigger for death thoughts Gr RRV.

(Fifty-one)

The Direct Casual Relationship between the injury
and the violation of the Rico Statute.

86. Plaintiff(s) Burrell Grieved being denied & limited on the following services, & amenities, that was Prescribed Pursuant to Correction Law 137, but Defendants Bullock, Gilmore, Baynes & Uhler, are abusing their discretion, there decision-making is Arbitrary, Plaintiff for example. On May 12, 2022, defendants Bullock had Plaintiff to OBS under a False Pre-tense i.e. Plaintiff stated self harm, & ordered Defendant(s) Rowe, Niles, & Swyer, to Pack up & destroy legal documents. This was 8-B2-32T.

87.    On May 13, 2022, Plaintiff was transferd from the infirmary OBS, at or about 9:00 a.m. He was escorted by Defendant Hestings, who threaten, Plaintiff for writing grievances. Plaintiff was brought to 10-C2 43T, Plaintiff did not receive his Property until May 26, 2022, upon reciept, he appealed 4 grievance(s) denial, that were due May 11, 2022 - May 18, 2022, Plaintiff stated the mitigating circumstance of not Possessing his Property, these Defendants denied their rights DF NYCRL 4040.

(Fifty-Two)

88. Defendants Uhler, & Annucci, as well as Central Office (DOCCS) are allowing these staff member(s) Sgt. Nelson, St. mary, Lt. Spinner, & Captain Gurdin to conduct Disciplinary hearing(s) on there behalf. Outside the jurisdiction of the Humane Alternatives & Long Term Solitary Act.

89. Defendant Gurdin conducted two (2) Hearing(s) on behalf of Uhler, with to training, he informed Plaintiff Burell "he received none of the new formal training of the hearing Procedure, he is reading out the book, to work with him a little bit, because him & Plaintiff are new to this New Shit."

90. He imposed with no due diligence 90 Days SHU and 60 Days loss of good time, & stated "I'm giving you a break basically because the good time doesn't mean shit Your a new".

91. Defendant Nelson, was delegated by Uhler, on may 26, 2022, to conduct a hearing, she stated "my training was not required I've been working here", and tect it was "irrelevant", it did to apply to the charges & her ability to Find me guilty. She denied me legal assistance, witnesses, & removed me from the hearing, with no good cause "Yes spots over me". She then imposed 60 Day(s) loss of Static tablet & loss of good time. She stated "since you like writing grievances, and having your mother calling here, then loss of this Static tablet will cure that.

( page fifty-three)

The Investment of Said Income;

91. She the stated "Why did you have to piss off Bullock & get moved, I! missed you," She gave me a Tier Hearing manual & stated " use this in your appeals. She was missing the flirtatious relationship her & Bullock developed after filing a grievance. Plaintiff was scared that he may be retaliated for this rhetoric. She spoke of & filed a PREA.

92. On June 03, 2022, She conducted another hearing, & denied Plaintiff(S) witness, documentary & legal representation. The Plaintiff was imposed with loss of Statue tablet & the required Bisbor & U.W did not afford Plaintiff access to to contact his attorney, & he was entitled to 48 hrs, prior to the re-commencement of the hearing.

93. SORC Nelson with no due diligence imposed 90 Days SHU, & 90 Days of Static Tablet. Stating "Since you like Grievancing about the tablet, now you won't have one untilNovember, happy now". The Plaintiff was SHU confined the hearing was conducted beyond Five(5) days. SORC Nelson stated "You run to this block, you've been making alot of calls to your girlfriend, don't deny it, I have your phone login that's enough here done".

94. On May 12, 2022, Defendant L. Bishop, imposed a Restrictive deprivation order against Plaintiff Burrell. It was alleged Plaintiff was admitted to suicide watch, in the REV infirmary, & he yelled to Defendant C. Brown "he was going to throw urine & feces". Had Brown undergone the specialized training he would have used the alternative dispute method to rectify this.

Page Fifty-four

The Conspiracy voilated 18 U.S.C. 1962(d) as described below;

95. UCF-RRV-Admin. Stating "Your not getting a shower everyday, that's over your not get shit till you the truth, You, lil fucking muslim nigger, I/Sr lucky, I tried to stone you when you came from Clinton, and denying Your Rehabation and you went to try and kill yourself your First night here, and a suicide, I said, hell, let's really not feed the sun a bitch".

96. Plaintiff was informed by UCF-RRV-Admin that he SHU moral RRV, so three (3) shows a hearty fuck class action, where waiting for our the HALT over turning and should have gotten not training, why because, he did it all known, the commissioner, Annucci Dept ot Comm. Servs. & Doccs, needles US, nobody told em release UB, there For until he exhausted the legal susten to the State. Created dangers by wanted Legislation as HALT

page Fifty-Five

97. The UCF-NRV-Admin made policies to deprive Plaintiff(s) to Provisional rights, treament, and Services (e.g. work assignments in general Population". They denied Plaintiff a work assignment as a laundry Porty and/or Block (8); Porter, and/or types of work assignments comparable to core programs and types of in general Population. They refused to Constitute a Program Committe that Plaintiff is I consed her did Plaintiff(s) received by Payroll from being enrolled in NRV, this will reflect how UCF-NRV; is going to work"

98. They stated work-assignment(s) "this is never going to happen and hold your breath kiddo.

UCF-NRV-Admin, dered Plaintiff(s) Recreation, Plaintiff was Placed on Recreation order on April 19, 2022, this is

(Page FiFTY-Six)

99. This John Doe, Stated "your FRP has been updated & reflect recommendations". Nothing on the FRP was of Plaintiff's Choosing. The John Doe, successfully completed the Plaintiff, Pursuant to Correction Law 137, he was entitled to be released to general Population, & have his good time restored. He was informed to see the PMT again on June 03, 2022.

100. On June 03, 2022, Defendant Daniel Hess, Conducted a Program Management Team Review, illegal, Sgt. St. Mary was required to be there, as well as Chiles, Bishop, & Plaintiff himself, to Controvert allegations, and Produce Evidence to be successfully discharged. Defendant Hess denied Plaintiff all his services & goals. Plaintiff had a goal on his FRP "Communication for June 01, 2022", this goal was never followed, studied, or ascertained or made neither of at the June 03, 2022 PMT. Defendant Daniel Hess, Stated "St. Mary was not here so, he just did it" Collectively, as a group or Consellor(s) & Sgt. Dearborn.

101. Defendant Dearborn II, was the Sgt. at Pmt, he informed Plaintiff on or about June 26, 2022 "listen this is your third time requesting to speak to me, you do it again, I'm going to have mattis spray you," Plaintiff Stated "I thought you had to take alternatives methods in disputes," "Yeah, I want to kill you, mace is the alternative". Dearborn, denied Plaintiff Pmt, to refute security concerns, to advocate for a revised FRP, that had goals of obtaining a work assignment, licenses, showers, rec, & good time.

(Page Fifty-Seven)

The following Defendants are employed by and
associated with the enterprise, these
parties are both the liable Person and
the enterprise under 1962 (c)

102. These Defendants ORC Hess, ORC Dumes, ORC Donelly, Stierway & Sgt. Bertoone III, received to training from Annucci, the required specialized training in Correction Law 137. ORC for fair arbitrary IRP she conjured April 29, 2022 was fundated on her own discretion. She never received the thirty-seven of training to formulate an IRP, & to do so, without mental healthy was as abuse of discretion.

103. Defendant Hess, was never trained to make a final decision on June 02, 2022, to deny Plain tiff Burrell the IRP, without Plaintiff consent, or consulting or frails to coincide with his October 19, 2022 tentative release from Corrections,

104. Defendants Uhler, Bishop, and Union members, employed at UCF-RRU refused to training required, pursuant to Correction Law 137, to operate a RRU, or delegate hearing officers. Defendants Donelly, was never trained either to render a IRP.

105. This is not one against employee, Corrections Staff, union members in the UCF-RRU that underwent the specialized training required to be employed at UCF-RRU, Defendants Uhler & Bishop, enforced the the HALT bra, SHU manual, policy, protocol, & procedure(s), & wantonly disregarded the HALT Act.


(Page Fifty-Eight)

The Activities of the Enterprise and the Pattern of Racketeering Activity differs from the usual and daily activities of the enterprise!

106. On May 19, 2022, Defendant Gilmore approached the Suicide Shelter Cell, while under a suicide watch, after the attack from Nashville and Stated "Oh, I don't give a fuck, this grievance is about Bullock Covering here tegs, & your New rules, listen here not adopting to HPACT, so I'm not Processing any grievance pertaining to HPACT, until the Union gives me the go ahead, your grievance equates to tissue to me, I can wipe my ass, I don't acknowledge your Actions Requested", and then "I hope you enjoy playing mental health games, I hope you not related to nobody in Buffalo,";

107. On or about May 19, 2022, the Plaintiff seeked his grievance hear in a formal grievance hearing. Re Defendant(s) Gilmore; & Cassie Baynes. Under is ordering the new hearings to be held in absentia. Plaintiff has a right to attend these hearings, as well as I & I P Baynes refusal to Process Grievances.

108. On or about May 17, 2022, Plaintiff was Placed in me-Chanical restraints, & ordered to walk down three Flights of stairs with no escort. This is the Standard Procedure & there is no officer escort to assist the Plaintiff, he has failed on several occassions, Torn & Defendant Waite stated "You, mirian, why did you not read you got to wear State issued boxers to (Here) Program, nor Perbury go back to yous, you won't see getting your good they because I know boxers, oh I love my union's. Plaintiff was denied Program(s) or the topic day about Adopting good time, for wearing boxers.

(Page Fifty-Nine)

alleged Pattern of Racketeering.

110. On or about May 18, 2022, Defendants Kylor Malette, & Daniels, took Plaintiff(s) laundry, Daniels Stated "oh, Shit Burrell, your not getting your shit back, I notice the hatch, your grieving vs not enforcing HACT, your not getting Shit" Plaintiff never received his laundry from these two Defendants,

111. The Plaintiff(s)'s being denied religious Services, Six(6) hrs. of out-of-cell activity, Congregated meals, recreation, programs; unrestrained, static tablet, law library tablet; appearance at grievance hearings, wholesome meals that are nutrious, showers, law library access; work assignments, programs comparable to general population, General library, kiosk, JPAY 5 tablets, Televisions; Hot patrol; Textation Cards, amicable staff, trained DOCS Personnel, who conducted the specialized training.

112. The Plaintiff is Still under the following Deprivation(s) hatch, Static tablet; law library tablet; rec; Sheets; blankets; towels; & paper; a mattress, under the order(s) of Uhler, to deny Plaintiff a defense on June 15, 2022. Uhler Delegated Defendant(s) Malette & Locke to placed Plaintiff on paper deprivation, to (1) Destroy Some Nelson letters (2) Remove all papers, that Plaintiff intend to produce at JAC; (3) To destroy the grievance allowing 6 hours of tablet use, Plaintiff Showed Malette June 04, 2022, who wrote Plaintiff a MBR, for refusing to give him the tablet at 5:22 p.m. & not 6:00 p.m. even though policy is 10-6 p.m. These Defendant(s) acted on Uhler order(s) June 10, 2022, P Stated "Yeah you will get your papers back when you come back from JAC on the 15th,

(Page Sixty)

The Activities of the enterprise on Interstate &
Foreign Commerce,

113. The Plaintiff was transferred from the Unit 14; Special Housing Unit (SHU); to Upstate Residential Rehabilitation Unit. On or about April 12, 2022. The Plaintiff was placed in Eight (8) Building. B- Nineteen Bottom.

114. On or about April 14, 2022, Plaintiff now in the cell with Plaintiff Mcheacy, 19T, and both were admitted into the treatment, by signing a Static Tablet agreement; under the Premise that this is a Pro-Vision under Correctional Law 137 (my). Plaintiff Shared a Residential Individual Rehabilitation in group(s), with Andrew Hurley as well, and was in my cell; in easy and visible circumference

(Page sixty one)

115. On this day date, Plaintiff seeked to ascertain the Criteria to demonstrate a qualification release from a Doccs facility w/Pon a fixed or tentative release date.

116. Defendant(s) Offender de-habilitator Coordinator (O.R.C.); Fontain (M) and Johnson, Amanda were facilitating the class and a recess ensued for facility needs. Plaintiff seen this as oPPro tune time to make a inquiry, and not be a distraction and Course Curriculum.

117. Johnson and Fontain, responded to Plaintiff hand gestures and Stated "Oh, go ahead "Mr. Burell" Sr = informed them of my Treatment Plan; and What = wanted to establish a fixed date and good time accredited conditional release or Pursant to New York Codes, Rules, and Regulations Title Seven (7); 315. (2), (2) he seeked to Prepare a Plan to be discharged to the streets.

(Page Sixty-Two)

118. The Plaintiff informed ORC Captain B. Johnathat he was certified as a Paralegal; Accountant; Insurance Claims Adjuster; and a Wedding and Event Planner. The Plaintiff seek how to obtain intertation and a sense of direction, and a Pre-release plan; with a Department of Labor program. As well as have these Desires, placed in his Individual Rehabilitation Plan (IRP); with Projected Time Frames to satisfy a successful discharge, upon a 60 Day Periodic Review, by the Program Management Team. (PMT).

119.        This Team is a Eight Building PMT, Senior Offender Rehabilitation Coordinator (SORC); Nelson, Tracy; ORC Fontain; ORC Eya; ORC Johnson; ORC Sea Faucher; comprised of a constituency; Civilian Staff. These Staff, are required under New York Correction Law 137; to undergo a specialized training.

(Page Sixty-Three)

120. Then, Plaintiff made a request on those Act(s); Legislation Amend(s) Docc(s); Statute(s). Plaintiff requested assistance in his elibility of the Criminal BillNo. 8077 Section Impact Act. (see Exhibit) This Act went into effect January 24, 2022, Introduced by Sen. Cleare. These Defendant(s) Non-Civilian, held a group session, and Plaintiff made an issue out of it Stating " were waiting to see how our Family is going to win there Class Action, and have no more Thatman, So you let me know when you can ask a more Serious and Realistic question.

121. Therefore, Plaintiff made a request. He wanted to obtain Essedithal Rehabilitation Rules, and the 6FACT Act, Providiers. Also, he requested for the Amended NYCRR my. Directives, January 19, 2021, Sentator Mont a Albony Introduced this legislation. The passed Bill No. 2395 "Replacing all instances of the words inmate or Inmates with the words incarcerated individual(s)".

(Page - Sixty Four)

122. These Defendant(s) stated "Johnson (ORC); your starting to bore me with your questions". Plaintiff seeked the Directive 4932; The Hearing Directive; and the HRU-Directive. that all bear incarcerated individuals.

123. Plaintiff wanted all the Amended Laws that replaced inmate's with incarcerated individual. ORC Fontain stated "it makes no difference your really like an inmate".

124. Plaintiff, then became perplexed by these ORC's conduct; and it appeared they never undergo a specialized training in Trauma-informed Care; a minimum of thirty seven hours of it, pursuant to (cc)(137).

125. Plaintiff inquired if this was true, by requesting if Johnson or Fontain reading (cc)(137), and read Bill No. 2836, introduced January 25, 2021, by Senator Zalazar, this was to induce "any form of confinement for more than seventeen hours a day"; whether or not was Plaintiff going to be provided with conditions of confinement of Bill No. 2836.

126. All Fortain and Johnson, Yelled "No, were not doing that NRU Shit until, we get a decision on our families class Action to remove Halt," Then raised their hands to Signify a Correctional Officer. Defendant Darrel Rabideu, then Intervene and Stated "No, were not were folling the N/State Special Housin unit manual, You guys work be affecting US, Fuck Hochul, Uhler said America is back us." Matter keet enough of you go back to Your cell, Plaintiff was escorted back to 8-19B.

127.
     Defendants, Fortain, Johnson, and
, Rabidev, filed Negative Information(s)
into Plaintiff PMT File, making it a re-
viewable document in the 60 Day Periodic
reviews. Fortain then stated the next
morning April 15, 2022, "You ask Your ORC in
the block, that rru, You need Phase III
Transitional Services, You not getting that
from me I'm not train to help you with
the TRU community releases we only know
how to do in centervice for now, I can get you
a package, or get Your Sections suspend
to get commissary. Plaintiff, Stated a "I
Would like a work Assignment, and a
Program Capabable to General Population."
(CC) (137.).
                    (Page Sixty-Six)

128.) Watson continued "Ur you can drop it,
you not an accountant; or paralegal,
So saver, I find it had to sallung a
Lie Nigger, muslim like Way, PLC, okay, and
im Kim Kardashian" being Scentic.

129.    Un or about April 21, 2022, the
UCF-NNV; Advance supervisor Defedat Cassie
Baynes (hereinafter IRRC), informed
Plaintiff that "..... We are using ois the
law ...". The Statute reacts to is (CL) (37):

130.    On or about April 17, 2022, Defedant
Kevin Durat, gave Plaintiff 81 Burnell and mcgeeany
Un static tablet. Plaintiff Burnell Requested
Know the tablet, then defent Given Durant

(page Sixty-Seven)

130. On or about April 18, 2022 in the B-Basement; Eight (8) Building; UCF-RRU; "THE BOSS" Sorc Nelson conducted a supervisory tour, and entered class room; #2. Nelson became aware of Plaintiff presence, and stated "Oh, your the alleged / Accountant, and Paralegal, I'll do what I want, and you'll sit there and move according to UpState SHU Manual; not that

131. Bill No. 2836; As you might not know, we were told by the Union (hereinafter the NewYork State Correctional Officers and Police Benevolent Union Incorporated; Represent for C.O.'s John or Jane Doe; Co-CEO's and or President of Correctional officers; Employed at UPState Rehabilitation Residential Unit; 309 Bare hill Road); Superintendent Donald Uhler, and Reginald Bishop; Supervisor Deputy of Security, Made all the Policy Modification of Condition(s) of Confinement to navigate the Amendment to Correction law 137; as of March 31, 2022, and beyond, that the SHU manual is preferential doctrines, due to the Union's safety of it's members. (See Exhibit) (18)

(Page - Sixty - Eight)

32.

On or about April 25, 2022, Plaintiff(s) Burrell Filed a Grievance about the Static tablets, & the atypical & Significant hardship he suffered. Being Placed in 8-B-19$(UCF/kaw) with Plaintiff McGwery, Lim and Plaintiff would Fight each other while there sleep over Who uses the tablet first while they sleep over each other, for approximately 2-6 weeks they Continued attacking each other.

33.     Plaintiff(s) Burrell was then moved by Sgt. Bullock, into 8-B-32$, with a Plaintiff Joe Darrell, who was 6'2 & weight B 245 Pounds, Plaintiff(s) was a mere 155 Pounds. Plaintiff(s) Burrell & Darrell, began to Fight as well, Causing each other Physical Injuries as well. On or about May 13, 2022, Plaintiff Burrell was moved to 10-C2-43$ UCF-REV. Where (2) two Static tablets were issued to each Plaintiff(s) in a cell, # Curing all hostile & invious behaviors over the Static tablet. This was at 10-Building, Policy in UCF-Rev; but the only Building out of (6) Building(s) with a law-abiding Policy to an extent.

34.     Plaintiff(s) Burrell still never received (4) Four hours, 10-Bldg. Policy was from 3-5 pm; lower Tier & 5-7 Pm Upper tier, # alterractions with the lower tier, but never the full Four hours, even though the Defendant(s) Deerboney, John Does Could have Provided the tablets at the 7-3 Shift For (4) Four hours, & 3-11 Shift (4) hrs. the tablets are readily accessible with charges within the block, & the Program(s) on the tablet is completed 5hrs. Plaintiff(s) Burrell (in-census).

(Page Sixty Nine)

35.
These attacks, fights, and rages was during the muslim holiday Ramadan, & Plaintiff(s) Burwell religious muslim faith to belief were violated due to, Arway's Uhley. Dearbone, Burwell, & Brewston wanton reckless ness in a hostile policy.

136. Plaintiff(s) Burwell, were never able to receive an incentives due to the policy of the static tablet within UCF, now in a totality.

137. On at about April 25, 2022 Plaintiff(s) Burwell filed a grievance pertaining to the atypical & significant hardships. Plaintiff(s) Burwell had a protected rights to services to treatment in law. No Plaintiff(s) in the custody of Docs- UCF-Army, Shall be subjected to degrading treatment & no officer or other employee of the Docs-UCF-Army Shall in flict any blows whatever upon any Plaintiffs,

138. Plaintiff(s) Burwell, was entitled to sleeping accomodations in a seperate cell or room, where room be a sufficient number of cells. Defendant(s) Uhley R. Bishop, & Army C.O.'s & Sgt, are placing Plaintiff(s) Burwell, in Double Bunk cells, where there was sufficient number of vacant cells, The entire (9) Nine Bldg. is empty that's over 400 cells available, the entire (11) Eleven Bldg is at 25% capacity, The A-Company in (8) Eight Bldg. was avoable on or about April-May, 2022, yet Plaintiff(s) Burwell, Dennis & mcgeary were doublebunked. The entire A-company in (8) Eight Bldg is empty & Plaintiff(s) Burwell is doubled bunk with need & lotoyd, fight and assaulting each other as well.

(Page-Seventy)

139. In April 29, 2022, Plaintiff was deceived, coerced, & signed his Individual Rehabilitation Plan. The Plaintiff/did not knowingly, intelligently & voluntarily sign the IRP. Plaintiff objected to the IRP, because it failed to conform his treatment needs of release to the community, or redeeming his good time. Defendat's fortain, Johnson, & Nelson, "here not trained to release you or redeem your good time, we don't know how".

140. Plaintiff Burell, informed ORC fortain that the office of mental health was required to meet with plaintiff and participate in Plaintiff (S) Burell RRU-Programing. Plaintiff also notes he wanted to a work program. He informed Defendat Dumas, he wanted & need ASAT & ART, She stated that they "don't offer these Programs, I would have to take them in Population"

141. The office of mental health, never met with Plaintiff at all, during his entire tenure of his RRU-Programing. The goals that were set were entirely conjured by Defendat fortain, & were entirely other imagination of the Plaintiff IRP. Nothing mentions, obtaining Allocutive & Insurance Claim Adjuster licencing or good time credit

142. On April 29, 2022, Plaintiff received a Satisfactory due to " Began RRU with program Participation & A Classroom removal ili. Has improved behavior a has submitted written Projects". This was done by a John Doe defendat, who gave Plaintiff satisfaction meaning at bare min. a incentive. (see Exhibit )

(Page seventy-one)

The Violation of 18 U.S.C. 1962 (a):

143. On or about April 30, 2022, Defendant(s) Bullock approached my cell smelling of alchol & methamptimes. He was conducting a grievance interview, he stated "I don't give a fuck what your grieving you stupid niggers, mostly they regards, How about you squeak this guy, I don't like your knuckles. On or about may 04, 2022, Defendat Nurse Lashway Conducted a medical evaluation stating "Oh you the PREA guy. My family told me about you, does the name lastway sound familiar?". She then made degradens remarks about a cut On my neck stating " Neck pain is probably from that scar? you drop that lawsuit in Clinton, or my lashway then you'll get medicas attentions" she smelled of alchol,? Canibis, stumbling, visible drunk & under the influence, Plaintiff filed a 1983 on a leshway in Clinton

144. On may 12, 2022, Defendants(s) Bullock, Niles, Sweyer & Rowe Covered there name tage & Rowe did not wear one at all. Defendant Bullock was instructing Niles, Sweyer & Rowe to pack my cell up, find the grievances1, and have me admitted to suicide watch, fabricating I wated to himself, He ordered me to be moved to 10-C2-435 Cell, from 8-B-325. And legal work destroyed,

145. On or about may 18, 2022, Defendant Osborne, denied Plaintiff MHV-program, he covered his nametag & stated "Sgt Bullock already told us who you are niggers, your not going routed, to you were fucking Nelson", Plaintiff responded is that in your training," he responded "were protesting that HALT shit fuck training"

(Page seventy-Two)

The Damages Sustained by reason of the Violation
1962, indicating the amount for Which each
defendant is liable:

146'

Plaintiff was issued a Tier III MBR, Prior to the Conclusion of the hearing, Rt Bishop, placed a feed up deprivation order on his cell door, to signify plaintiff is an "asshole & write grievace(s). The hatch still remains on Plaintiff door.

147. Defendant Bishop, who delegated Sgt. Rone to tell Plaintiff Burrell "Bishop said he don't give a fuck about Correction law 137, & there no being deprivation order(s) in rav, he does what he want".

148 On May 13, 2022, Defendant(s) Hasting(s), was escorting Plaintiff from suicide watch and stated "Oh Your the muslim uhler, and then said we grivancing us about not following HALT, I dare you to come off the Wall". Defendant Hasting(s) then came to plaintiff cell on may 19, 2022, & attempted to bend Plaintiff wrist when applying handcuffs, Plaintiff yelped in pain, Hastings ordered compliance, Defendant Sgt Spinner yelled "Listen motherfukcr, were cuffing you up according to order of Bishop, you got a Problem grieve it bre".

149. Hasting(s) took Plaintiff covid-19 mask, & used this as a tatic to smash me in the face. once in the Sally Port en route to the infirmary to see mental health, Defendant manville rhmmed me into a Corner, & Hastings) inserted his finger's in Plaintiff anus, this was unproked. Sgt. Spinner did not stop or intervern She Said "Burrell shut the fuck up." She wrote the MBR, stating I assualted mainvilla, Conducted the Plaintiff PREA, and the unusal incidate various conflicts of interest.

(Page seventy-Three)

the Injury to the following business and Property:

154. Defendant(s) Annucci, Uhler Doccs and Union members are required to Post the UCF-NW Date on the Docs website, Plaintiff Burell grievance was denied as" non's grivable

155. Plaintiff appealed to CORC, and the State Commission of Correctios, and the Office of the State of New York Attorney General. Defendates Uhler, Bishop, and Nelson Placed Plaintiff on Phone deprivation for reporting his grievances being denied.

EXHAUSTION OF
ADMINISTRATIVE
REMEDIES

156. Plaintiff Exhausted his remedies, written grievances, see (Exhibit (5)) Plaintiff appealed grievance denials,

When grievances were ignored Plaintiff Contacted outside governmental agencies, with a Summary of the Complaint to Requesting for Defedats, Annucci, Cental Office, to Stop the deliberate indifference(s) recurring in UCF-NW, by Uhler, Bishop, Stickary

(Page seventy Four)

Plaintiff(s) Burrell & Adrew Farley who was in 8-tr eew of upints. They were entitled to be supplied with a sufficient quanity of Wholesome & nutrious food, the food Service Administration (Lt. Boice) etc. Defendant(s) within duces has a trifecta of Portions Served small, med, & larger.

151. Plaintiff(s) Farley & Burrell, were not fed quanity of Wholsome or nutritious foods at all. Farley, commeced a hunger strike on or about April 16, 2022, until about April 30, 2022. In Protest of the inadequate food Portions or nutritions. He was Provoked with a hunger strike when Uhley, & Boiley,& his cooks (Defendants), Conducted a Supervisory tour on 8 B1 dg, Classroom # 2.

152. Defendants, Co-Boice Stated " listen me & Donald (Uhler) ate edy spoke, you guys are getting just enough food to Sur-vive, that's all required under the 8th Amesment look it, & Plus if you go look up Johnson v Ulher, yeah nigger know it all nigger(s) like you Challenged us over leftover(s), & guess what he can fads you returfed leffoers, & will contiwe & do-so, enjoy! "

153. Uhler addressed Burell & Farly, he Stated " I'm going on a hunger strike", Uhler response was " I dont give a fuck, I've been doing this 30 Years, I have Seen smore die from a hunger Strike, go to the infrmary, spose with a Judge, won't change the 5th manual I'm still enforcing, Atrucci, & the Uniors said I got time to wait, so I'm going to keep running it, fuck HALT, I have over 535 Federal 1983 suits in the Northern Dist-trict & I still do what the fuck I want, so go on a Hunger strike.

( Page seventy-five )

STANDING INJURIES INFACT,
STATE CREATED DANGER; FAILURE
TO TRAIN THEORY; MUNICIPAL
LIABILITY; DUE Process;
Access TO THE COURTS; DUE-Process
JUDICIAL; EQUAL PROTECTION; ANS
ATYPICAL and SIGNIFICANT HARDSHIPS
CONDITIONS OF CONFINEMETS.

157. The united States Constitution Article III, the doctr-
ine of stading gives meaning to these Constit-
utional limits, by identifying those disPutes which
are apProaitely resolved through the Judicial Process,
The conditions of confinement of Doccs, has been indentified
in Peoples v. Annucci, 180 F. SUPP. 3d 294 (US S D NY 2016)
and the NYCCU Settlement.

158.       Plaintiff Burrell had demonstrated Constit-
Utional minimums of Stading, his statement of
Claims, meets (1) Suffered injuries; (ii) that is directly trace-
Gble to the challergid Conduct of these Defadants, ad
this ComPlaint.

159.       Doccs, and the Union are the moving force,
Causing Plaintiff(6) Burell injuries, Causing them to be
liable As municiPal(6), under the 11th Anadment
Rights(6) Pursuat to the US. Con stitution.

(Page Seventy-six)

160. Defendant(s) Annucci, North, Docs; Thomas Hanely, Donald Uhler, D. Bishop, Unions and it's member's. Are involved a conspiracy and Docs and the Union are Co-Conspirators, arbitery and invidous, discrimination against Plaintiff(s), due to there disciplinary and Docs Compartmentilization and Categorization as "violent offenders", using its CompAS algorithm with a Point System. They refused to Provide Plaintiff(s) Burrell with the rights/, services, and treatment, that New York State officals, are Constitutionally obligated to Provide The HALT ACT, MHLK §; and Correction Law. There is no rational basis for the discrimination and deprivations of these rights/ and the statue legislations except the invious and discrimination of the HALT Act, being implemered, these Defeda(s) Discrimination, was not supported with any evidence, or justification.

161. In or about November 21, 2021, Defenda(s) were heart felt and adamant, that due to HALT violence will occur in Doccs-now, to "a risk imminent to harm to Correction officers and Correction Sergeants because they (Doccs) and (Unions), will be unable to Seperate the dangerous incarcerated individuals Plaintiff(s) Burrell, from Staff and the law abiding incarceration individual(s) Population. The RRU-UCF, is qualified and vetted Doccs facility. Plaintiff(s) Burrell, Upon arrival, are required to undergo an assesment by Onty and the ORC's, and medical Staff, and Cultivate an Consensus with Burrell a Individual Rehabilitation plan.

(Page seventy-seven)

V. STATEMENT OF CLAIM

Plaintiff(s) Burrell reallege and incorporate by reference Paragraphs 1-157 herein.

162. At all times relevant herein, defendant(s) were "persons" for purposes of 42 USC Section 1983 and acted under color of law to deprive Plaintiff(s) Burrell of their constitutional rights as set more fully below.

163. The following are the Civilian RRV-UCF, Staff in their individual and official capacities: Nurse(s); Teaching Officer/Rehabilitation Coordinators (CORC); Cook(s); Laundry; Vocational Instructors; Chaplains; Food Service Administrators(s); Grievance; Record(s); Mental Health; Accounts; Steward; Library Clerk.

164. These are the following parties, who are perpetrators (alleged and incorporated by reference Paragraphs 1- herein. Depicted as UCF-RRV Staff): Teachers: Hope Allen, Kimberly Group-Festo; Jessica Gilmar; Tanya Way; Laura Johnson, Christina Maude Bush; Todd Rocheleau; Patricia Schwartz; Robin Wolpin; ORC(S): Tema Burke-morton; Lori campbell; Carrie-saumier; melissa Cook; Jessica Perry; Samantha Donnelly; Cheryl Dumas; Jessica Dumas; Sean Faucher; Michelle Fontain; Lisa Hanady; Daniel Hess; Amanda Johnson; Chelsea Labare; Erika marshall; Tammy Martin; Taylor Perry; Laurel Preno; megan Scott; Sindy St. Hilaire; Laura Stone; Courtney Streeter; Willer Tabb Jr.; Kristy Trimm; Tracy Nelson; Rachel St. mary; Cathleen Cook; Vitaline Lepage; Sarah Harlow-Hamelin; PRE: Anes Thomas; Daniel Gowen; Augusta Dupra; mark Ives; Charles marshall; James Ratter; Ranos Joshua; Chad page; Taylor merry; Bruce Patterson; Janes Stockwell; John Tituss; and Daniel Whitney.

(Page Seventy-Eight)

165. PUA: Allie Russell, IGP; Cassie Banje; Sheri Deboyan; NURSE: Heath Baker; Robin Beach; Joann Bern; Sylvia Biondo, Diane Cavy-Dingle; Kimberly Clark; Christy Clark; Teresa Dewyer; Patricia Durat; Mark Harman; Breda Holcombe; Barbara Hadley; Victoria Dunci; Amber Lisbury; Denise Reore; Deborah Shipman; Nicholas Sturgen; Chelsea Sturgen; David Thorley; Elizabeth White; Gerald Wilson; Cosette Witty-Lewis; PROGRAM AIDE: May Bilow;

166. ASAT: Gwen Johnson; Hailey Fye; Marlow-Hamelin; Courtney Strecier; COOKS: Justin Boice; Gerald Boice; Klerstin Decosse; Kevin Cook; Christina Labore; Carol Labelle; Pamela Labrake; Jennifer Bare-steel; Nicol Byea; CALC INC: Jennifer Demos; Donna Mainville; Office Assistant(s): Lisa Busse; Jennifer Bushell; Nicole Byea; Bill Bridgette; Burdash Trey; Rilica Cotey; Kylie Livney; Carol Davies; Layla Davies; Gregory Dustic; Anne Gioriackey; Jullie Hungerford; Lynn Jock; Karen Johnson; Jen Ryget; Tasha Martin; Heather McCartney; Taylor Pecore; Lori Povpore; Steven Ramos; Jay Reynolds; Amanda Richards; Heather Rollad; Judi Lynn; Shatzy; Stephanie Scully; Kevin Smith; Marie Spirney; Bethany Taylor; Leta Thomas; Nastasha Wilson; Vocational: Ami Boffea; Robert Bockway; Rick Crew; Terry Collins; Tampa Deboyah; Peter Ferrn; Michael Fraser; Manualy JOSEPHS;

(Page Seventy-Nine)

1675 hemy Wilboy, Kane hood-work; def-Res policy makers;
Reginald Bishop; Donald Uhler; Lisa Stickney;
Denise Boyer; Stay Pelkey; Linda Quinn; Jennifer
Terriah; Dedal; David Deisse; Bethany Harle;
Chasely M Clgerger; Patti Robertson; Carl Chamberlin
Seth corkich; (Chaplins).

## STATEMENT OF CLAIM

Plaintiff reallege and incorporate by reference
Paragraphs in 1-157 herein.

168. At all times relevant herein, defendants, were
"Persons", and "Docs". "Docas"; nru-security; Docs-
Rnu-Civilian-Staff" and "New York State Corrections
Officers and Police Benevolence Association, Incorporated
"(Union) for purposes of 42 USC section 1983 and acted
under color of law to deprive Plaintiff[s] Some[s] of
their Constitutional right[s], as set more fully below.

169.        The following are the security personnel, that
Constitutes Docs-Rev-security; as in these individual and off-
ical Capacities os: (commissioner; Deputy Commissioner[s];
Facilities Operations; Commissioner and Counsel; Administrative
Program Service; Security Staffing; Libraria, t Law Library; Labor
Relations; Statistics; Education; Ministerial and family;
mental-Health; Guidance and Counseling; Special Housing
Director; These constitute Docs' defendants. These following
Subordinate[s] of Docs in these individual and official
Capacities as nru-security & Correctional Officer[s]; Sergeant;
Lieutenant; Deputy superintendent of security; Superintendent;
Hearing officer[s] and Captain[s].

( Page Eighty )

170. The following are the members of the New York State Correction(s) and Police Benevolence Association, Inc; in there individual and official capabilities as: members; leaders; President; Vice President; Union Representative(s); Delegate(s); Attorneys; Board members; and Share holders; these are the Defendant(s) who constitute the "Union".

171. These defendant(s) was and willful participate(s) in joint acts with Doccs and its agents.

C.O.'s; sgts; Lt.; Captains: Of UCF-Rav; Correctional Officer Rav- mainvilly male the. Daniels; Hastings, Petrashung; J. matuz; Osbourne; Watkins; Delacy Devon, Delacy Brad; Niles, nathy Swayer, S. Dumas; M. Dumas; C. Durant; C. Browny V. Roae; Ellsworth; Trowmbely, Towers; T. Parent; G. Orbegoce; Sgtis: S Pinner, Bullock, Alexander; Roonijit; Gilmory Captain; Gourdin; BSS.R. Bishop; DSP Stickney; AS DSP D. Boyer; Superintendent Donald Uhler.

172. New York State Corrections' Officers and Police Benevolence Association Inc.; Thomes Hanch, Coly Hayes, Erika mesures; Kris montgomery and Jaron Trumpths, Are the defendant(s) Union, mentioned in the Complaint.

(Page Eighty-one)

173.

173. Defendant(s) Kyllor malotte, denial of laundry services1; Defendant(s) Ozburn, Sgt. Bullock, Niles; Delaey, Sgt. Dearborne denial of Programs as retaliation In support of SORC Nelson, violated Plaintiff Burrell 1st; 8th; & 14th Amendment Rights1; Pursuant to the U.S. Constitution.

174. Defendant(s) Hastings and Mainville assault on Plaintiff Burrell in the (10) Bldg. Sally Port, Hastings1 penetration into Plaintiff Anus, while mainville choked Plaintiff and forced him into a wall. In further retaliation from Hastings(s) may 13, 2018 threats to Plaintiff that "he would get him"; Defendants Uhler, and Sgt. Bullock, placed a "hit" on Plaintiff because of writing grievances; being muslim and African American This was established may 13, 2022 when Bullock had Plaintiff admitted to OSS on a false Pretense. Defendant violated Plaintiff 1st; 8th; & 14th Amendment Right(s), Pursuant to the U.S Constitution

175. Defendant(s) Sgt. Spinner and C.O. Petrashune, ordered Plaintiff to stick his hands out, and application of handcuffs, at the request of C.O. Hastings, to assault Plaintiff Spinner and Petrashune did not Protect or intervene in this assault for Hastings and mainville Sgt. Spinner Conducting the PREA, investigation; writing the unusual Incidents, and writing a Tier misky, to cure any reprisal mainville or Hastings may Incur, due to Plaintiff PREA, being impartial, due to Conflict of Interest, Violated Plaintiff(s) Burrell 1st; 8th; & 14th Amendment Right(s) Pursuant to the U.S. Constitution.

(Page Eighty-Two)

1) Defendants 1 Anucci, Uhler, and Union, refusal to train
these two mainville, Hestings

176. This Plan Sets goal(s) for Plaintiff(s) Burnell to accomplish in a Projected time frame, to be discharged from the RRU, or successful PMT RRU discharge, upon completion of the IRP. The UCF-RRU admission process is an incumbent policy to Plaintiff(s) and defendants. Burnell received a Disciplinary SHU Sanction at Clinton CLF of a guilty Tier III hearing disposition, where "law-abiding" ili, so an infraction by a once a law-abiding" ili, so infraction this oxymoron, that results in SHU, now because of NDUC-UCF, after Fifteen (15) SHU Days, is placed in RRU, Pursuant to HALT, where within 60 Days a review of completion of the IRP plaintiff(s) can be discharged into general population with all Sanction(s) Suspended, and good time redemption and/or be released to the community. So there is only are class of Plaintiff(s) in RRU-UCF, and meet HALT Act, Correction Law 137, NRU Criterion, they are classified as violent, who are in the UCF-RRU, due to disciplinary Sanctions imposed, due to bad behavior in general population that a hearing officer determined for the safety & security of the facility, Plaintiff(s) Burnell, be placed in SHU, after 15 Days, UCF-RRU (04-12-2022), The Defendant(s) PreConceived notion of separating class(s) of law abiding and dangerous (ili) is not a justification or a Penological interest to deny Plaintiff(s) Burnell, right(s), service(s), and treatment(s).

(Page Eighty-Three)

179. The HALT Act as NYCRR 7; Correction law, has no foundation for denial is an unsupported one with any law(s), and is meritless and no a real theory to be entertained by Plaintiff. Due to the simple fact the only way Plaintiff or any prisoner he would have to be deemed "dangerous", A comparison to a general population ili, Because now UCF admission, requires SHU Sanctions, as well as the laws. Therefore there is only one class of Plaintiff(s), in the UCF- prev, they were considered "dangerous" by Preceding Docc Hearing officer who issued a SHU Sanction, Defendant(s) Justification, that Kathy Hochul cause them to deny Plaintiff(s), because they feel that KRV's are extremely dangerous, and will keep frivolous court complaints to repeal it. Once these defendant(s) exhaust all there judicial remedies, then Plaintiff(s) Borrell, will not be charged with HALT; Correction law; & NYCRR 7 Procedure(s) under New York State Constitution. This egregious decision and policy making, violates Plaintiff(s) Borrell, 1st, 5th, 8th, & 14th Amendment(s), Pursuant to the U.S. Constitution.

( Page Eighty-four )

180. Defendant(s) Uhler, Bishop, and Stickney were delliberately indifferent to Plaintiff(s) Burrell access to the media. Burrell owns no (phones(ued) to listen to radio, Defendant(s) Provided him used and broke head Phones, Defendant Library Clerk Karen wood refused to Provide Burrell with any books, Periodicals, Per a written request, Defendant(s) Uhler, Bishop and Stickney & Plaintiff(s) Burrell denial of all out-of-cell activities; IPAY Five Tablet; that offers free Newspapers to access the media, Burrell has no other means of media access he is indigent, he is entitled to all his Property, unless it is a security danger to UCF new, the 12 Bldg at UCF-new, Possess IPay & Tablet, therefore intentionally depriving Plaintiff(s) Burrell. Violated Plaintiff(s) 1st; 8th; & 14th Amedment Rights, Persant to the U.S. Constitution.

181. Defendant(s) Deprivation of Plaintiff(s) Property, Hot Pots, Televisiong quathe wholesome and nutritious food, Packages, religious serr vices; Peoled grupus; Grievance hearing(s) attedences, out-of-cell-act- vities for six hour per day; Five (5) Days of Programs used by Docs. Deprived Plaintiff(s) Burrell Liberty Interest and Property Interest, Uhler, Bishop, Annucci, Uhley, and Docs, Caused Plaintiff violations to his 1st; 8th; & 14th Amedment Rights, Pursuant to the U.S. Constitution.

( Page Eighty - Five )

182. Defendant(s) Uhler, Annucci, Dolce, Bishop, and Uniur, total deprivation of exercise and recreational opportunities, and the denial to access UCFRRU Gym and rec Yard to Plaintiff(s) Burell, the totality of Conditions Pertinent to the right of exer- cise at UCFRRU, under Connection Law 137, elements of Congregated rec, and a minimum one one hour for Which Burell, received no recreation and was and is Confined all hours each day, since April 15, 2022, rec deprivation with no Penological justification as to why. Violates Plaintiff(s) Burell: 1st; 8th; & 14th Amednet Rights, Pursuant to the U.S. Constitution.

183. Defendant(s) Uhler, & Bishop, Deprivation order(s) of Tablet, Rec. Paper, Sheets, blankets, towels, and Feed up Later was atypical and significant hardships, by imposing these deprivations to deliberately indifferentiate Plaintiff from being Prepare for TAC June 15, 2020, and emotionally disturbed. These Deprivation(s) violated HALT ACT; (CL)137. These deprivations went from May 13, 2022- June 24, 2022, Plaintiff Was Deprived the Phone from June 03, 2022, until June 16, 2022, for no Penological Justification Violating Plaintiff Burell 1st; 8th; & 14th Amednentes, Rights Pursuant to the U.S. Constitution.

(Page Eighty-six)

Defendant(s) Uhler, Bishop, Nelson, Gordon, St. Mary, Anneci, and, Orion, H/o of UCF-RMU, Uti spinner. Delegated Subordinates to Conduct Commission and Superintendent(s) Tier Hearings at UCF-RMU, without the specialized or substantive Content developed in Consultation with relevant experts, or topics including, but not limited to, the Purpose of goals of the non-Punitive therapeutic environment, trauma-informed care, restorative justice, and dispute resolutions. Prior to Presiding over any hearings, all hearing(s) officer(s) shall undergo a minimum of Thirty-Seven (37) hours of training on relevant topics, including but not limited to, the Physical and Psychological effects of Segregated Confinement, Procedural and due-Process rights of Plaintiff(s) Burrell and restorative justice. Under the Constitutionall obligated Halt Act, and Correction law 137.

Authorizing Defendant(s) Ve bell and refusal to train, to Provide Plaintiff(s) with MERR 7 Dir. 4933, and Published Rules, and Regulations, Institutional Disciplinary rules, ok the HALT Act, they refused to give plaintiff(s) the rights of the Corr. Away HALT Era Tier hearing, Violated Plaintiff(s) Burrell, 1st, 5th, 8th and 14th Amendment right(s) Pursuant to the U.S. Constitution.

185. Defendant(s) Annucci, Noeth, Doccs, Uhler, Bishp, and orion, as well as ORC Fey, ORC Danely, ORC Dunas, Hess, Sure Nelson, Sore St. Mary were deliberately in different to Plaintiff(s) Burrell, State-Created liberty interest(s), through the New York State HALT Act, Correction law 137. Creates mandatory Rules and regulations to govern disciplinary proceeding(s), requiring Defendant(s) to train, Prior to Presiding over Tier Hearings, and making good time credit loss decisions,

186. Defendant A. Rodriguez Over see's Plaintiff(s) Burrell appeals of Tier Guilty decisions, from UCF-RMU, Defendant(s) to Provide Plaintiff(s) with the rules, and regulations of Tier hearings, leave errors, and defects un objected too, rendering the appeal merit less, as

(Page Eighty-Seven)

187. Well as, leaving the decision or preserved for appellate, or
Supreme Court; Civil Practice Law and Rules Article 78, jurisd-
ictionally disbarred, to challenge the guilty decisions, but not
raising objections in the appeal or record, due to Defendants)
deliberate indifference to train before Presiding over hearings,
and Providing Plaintiff(s) with HALT Law Rules, that
replace inmate with incarcerated individuals, Causing atypical
and Significant hardships, Violating Plaintiff(s) 5well 1st. 5th.
8th; & 14th Amendment Rights(s) Pursuant to the U.S. Con-
stitution.

188. Defendant(s) ORC Hess, ORDonnelly, ORC Dumas, Sorenkely, SuRC Stinney,
ORC Fry; ORC Faucher, Stickney, Uhler, Bishop, and Stickney, Sgt
Dearborne III, refusal to undergo the required Specialized train-
ing to Cultivate a Law-abiding assessment(s) of Plaintiff(s) Bur-
ull (IRP), with an established projected timeframe to complete
this plan and be successfully discharged from RRU into Population
or society, after a PMT 60 Day review. Defendant(s) Annucci, Noeth,
Doccs, Uhler, Bishop, and Union, hiring, employing, and delegating these
Untrained subordinates, without the specialized training to effectuate
the HALT Act; and Correction Law 137, sole "rehabilitation" Objective. They
refused to place Plaintiff(s) Paralegal Accounting, Insurance Claims Adjuster,
Wedding & Event Planner, Securities Essential Exam Prep test; Series 63
Prep exam; and Series 7 Prep exam 3, and Prevent the satisfaction
of the 60 Day Annt review to be released into Doccs Pop-
ulations, and into the Community, Violated Plaintiff(s) Burull,
1st; 5th; 8th & the 14th Amendments) Rights Pursuant to the
U.S. Const.ution.

( Page Eighty- Eight)

Defendant(s) Annucci, Noeth, Doccs, Uhler, Bishop, ORC Hess, ORC Dumas, ORC Donnely, ORC Denny, SORC Nelson, and SORC St Mary, deprivations of Halt Act. Correction Law 137, RRU Programing Services, and treatment, rights, to congregate, in out-of-cells activities, un restrained, caused atypical and significant hardships, from April 13, until June 23, 2022, directly affecting the Program requisites, opportunity, to be discharged successfully from the RRU, on a 60 day periodic review, into general population of the community, with good time loss restored, loss of privileges sanctions suspended, and a conditional release from Doccs, these Deprivations/ violated liberty and property interested, in State Created policies. Violated Plaintiff(s) Burell, 1st, 5th, 8th, and 14th Amendment(s)/ Rights pursuant to the U.S. Constitution.

190. Defendant(s) Uhler, J. Boice, G. Boice, L. DeCosse, K. Hare, Calabre, and P. Labre, refusal to provide Plaintiff(s) Burell and Andrew Farley with a supply of a sufficient quantity of wholesome and nutritious food, under the Halt Act, and Correction Law 137, with toddler portions, consisting of 300 rice grains, and 20-25 pasta noodles, no bread, no juicy, and no deserts, from April 13, 2022 - June 23, 2022. Defendant(s) Uhler, J. Boice, G. Boice, L. DeCosse, K. Hare, Calabre, and P. Labre, decision to created there own Policy, with the objective "give you just enough to survival, like 535 complaint(s) in Northern District sue us." Causing Burell to lose 42 Pounds, and Plaintiff(s) weight loss ranges 40-60 Pounds, due to Defendants refusal to feed a quantified meal(s)/ violated Plaintiff(s) Burell. 1st, 8th, and 14th Amendment(s) rights, pursuant to the U.S.. Constitution.    (Page Eighty-Nine)

196.; Defendant(s) Annucci, Noeth, Does, etc, etc, etc, etc.
may, ORC Dumas, ORC Hess. ORC Fontain, ORC Johnson, ORC Fye, ORC
faucher, Sam Nulson, Stitcney, and Bishop, deprivation of Pla-
intiff(s) Good time Credit Allowance Course Curriculum to secure
a October 19, 2022, Good time Allowance release from UCF-RRU, Success-
ful discharge into the Community. Uhleg, Annucci, Noeth, and
Bishop, ordered Defendant(s) N. Locke, and Molette, to Place Plaintiff
Burell on Paper deprivation, with a fabricated Obstruction visibility
mBR. To deprive Plaintiff of an defense agency to Controvert
TAC allegations, and to destroy Correspondence evidence of Sam
Nulsay and Plaintiff Burell Promiscuous relationship, Defendant
Cordin, arbitrary to deny Plaintiff(1) year of good time Credit, Pre
determined stating "knowing you whom I dislike Passionately, your making
out October 2023, Fuck out my face nigger." Mainville Stated "Yeah
Your going to Do a   year in RRU, and then 5th Stepdown and
max out October 2023, this is due to your disciplinary, so your Program
accomplishments are irrelevant that's the reason for an Paper Deprivation
and you'll be off targets he had to Cacher this TAC, you didnot
Get assistance or a 48 hour notice, because you assaulted my
relative Officer Mainville, Sound familiar C." Bh may stated "
Yeah   You'll be maxing out, because your behavior at the mBR Hearing
I'm Conducting, this Sgt Locke wrote, to Place you or Paper Deprivation
for Superintendent Uhleg, was going to be dismissed, but you want assistance
and Directives, so now I concur No good time, go to your SHUCell
and max out." ORC'S, refused to Provide Plaintiff(s) Burell with any
Programs, services, and Treatments stating " Uhler said max you out, coming
from Annucci, and Doc's it's not us." Defendant(s) deprived, Plaintiff
of release from RRU- RRU a Fixed or tentative release date, Pursuant
to State Created Liberty Interest, Correction Law 137. Violated
Plaintiff(s) Burell, 1st. 5th. 8th. & 14th Amendment Right(s)
Pursuant to the U.S. Constitution.

( Page Ninety )

192. Plaintiff never obtained these documents, and filed his motion on April 25, 2022, Uhler still has the court's order, and all for being an etc. refused to allow me Law Library access to research Bill No, 8077 under Criminal Procedure Laws, Violated Plaintiff(s) Burrell, 1st, 5th, 8th, & 14th Amendment rights, Pursuant to the U.S. Constitution

193. Defendant(s) Amucci, Bishop, Uhler, Stickney, DOCCS, Union & (Jane) discriminated against Muslim Plaintiff(s) Burrell, by refusing to hire a Imam, to deter congregated muslim services, and celebrations, Congregated prayer, Prayer rugs, library religious articles or clothing (Kufi, drink or beads. Denial of the Islamic Ramadan celebration, Commenced on April 06, 2022 - May 02, 2022. Ramadan requires as a sacred belief a Congregational prayer, breaking fast, with an evening prayer called Maghrib, at 7:30 - 8:00 Pm. Beginning dusk til dawn, The Christians, Judaism, have spiritual leaders and free Defendant(s) all their services to congregate and celebrate Ash Wensday, Ester, and St Patricks Day, Catholics. Defendants denial of Plaintiff(s) to attend muslim Congregated Jumah service(s), held every fridays with a penological interest, except, Amucci and Uhler disdains for Muslims. Defendants Boicy refusal to feed Plaintiff(s) will a Ramadan meal, and refusal to acknowledge the holiday at UCF-NRU, violated, Plaintiff(s) 1st, 5th, 8th. & 14th Amendment Rights Pursuant to the U.S. Constitution.

(Page Ninety-one)

194.

Defendant(s) Annucci, Noeth, Doccs, Uhler, Bishop, Thomas Hanchak, Stickney, Union, ORC Disney, ORC Campbell, ORC Fontain, ORC Frye, ORC Dumas ORC Donely, ORC Fowler, SORL Nelson, and SORL St. Mary. Were and are deliberately indifferent to Plaintiff(s) Burell State-Created liberty Interest, by refusing to comply with 2021 New York Bill No. 88077, Criminal Sanction Impact (1)(A) requires no less then thirty days before the date on Which the Person becomes eligible Pursuant to Paragraph (A) of the Subdivision to apply for a sentence reduction, the Dept. of Corrections & Community Supervision Shall Provide with notice of this section to: The Plaintiff(s) Burell, Darrell, Rodgers, Reed, and Gold); Attorney(s) of record; all institutional offices that Provide Criminal defense Services within the county in which there sentence(s) Was imposed; Prisoner(s) Legal Services of New York; The Sentencing Court and the Prosecutor. Caused Plaintiff(s) Burell to be unaware of this Bill, that been in effective since January 19, 2022, Plaintiff(s) has had several interactions with ORC's since April 13, 2022, ranging from Quarterly reviews Programs, Part Hearings, SLP, Rev-Admission, they refused to notify Plaintiff(s) due to union, Fear of a decrease in Prison Pop Valthe and cause members Correctional Officer's job loss, and loss an economic Interest in there Pensions, and Union Contributions. Plaintiff(s) Burell, was informed by Co-Defendant Memphis De la Cruz, that he was eligible Via his maxima, Plaintiff sering a (7) sentence and has certificates in various different demographic's of employment, Defendant(s) Uhler, ORC Dumas, and ORC Campbell, denied Plaintiff(s) Burell Law-ful Correspondence with brother Trimad in Illa Tompkins County Jail, in Newberg approved at CLF, and refusal to approve Co-Defendant(s) memphis Dela Cruz; Adrian Liggis Sr, and Timbo, to obtain Affidavits to Show Plaintiff(s) minor notes the DOCCS allow correspondence intend to appeals. that are opening

(Page Ninety-Two)

195.

Defendant(s) I.G.P Baynes, Uhler, Gilmore, and Bullock, were deliberately in different to Plaintiff(s) Burrell Grievance's Process'(s) and the Due-Process State Created Liberty and Property Interest, under the CC-137; and NYCRR 7.1Jr. 4040, Grievance Program, still refer's to Plaintiff(s) 1&3 inmates, and there is no New Amendment under the Bill No's

that legislative order amendments to various State laws. Gilmore informed Plaintiff Burrell "I don't read your letter's requested, Your grievance's equate to tissue to wipe my ass with", sgt Bullock, denial Of grievances interview Statement, Where he told Plaintiff "I don't like You," which intoxicated and reeking of amphies. I.G.P Baynes Refused to Process grievance's appeals, due to untimely, and not Considering the 45 Day appeal right(s), if mitigating Circumstances are shown Plaintiff did. So, Consilidating plaintiff(s) grievance without his Consent, refusal of witnesses Statements, evidence(s), and to be Present at the Grievance(s) hearing(s), holding the I.G.C Hearings, while Plaintiff being held in absentia, Defendant Uhler, Bishop, Annei, Doces x deprived plaintiff(s) Burrell opportunity in the Grievance Program at UCF.MRU. Violated Plaintiff(s) Burrell, 1st, 5th, 8th, & 14th Amendment right(s) Pursuant, to the U.S. Constitution

(Page Ninety-Three)

96.

Defendant Annucci see Docc3 Package room 4911 Amendment in Retaliation to the HALT Act, and the refusal to Amend Docc3 Disciplinary rules, regulations, ae D.N. 4933, to Substitute and replace Inmates, and to Leave HALT Conferring Directives, was a deliberate Indifference and a adverse act. Another tactic of manipulation to attempt to Conjure, that the Package room, that has been in Docc3, Since 1980's, was not amended is) has made abrogated Familial Packages, off the Visitation room Suprogating that the contraband intake, is due to the Package room being a Conduit, Defendants data Pooling of negative Statistics and Fabrication of Docc3 Violations, that are non-existent. The Dir. 4911 Amendment to deny Plaintiff(s) the right to mail a Food Package and/or visit.

This adverse Act, was Caused, after the 2007, revision unProvoked. Plaintiff(s) are Suffering from Corpal Punishment, due to the alleged isolated incidents at other Docc3 facilities, all incarcerated Plaintiff(s) and their family have to bear the economic Costs of Inflation, that has reach a 40 Year level, with Commercial Vendor's higher Prices. The logic, to cause Plaintiff(s) the work assignment(s) Comperable to general Population would have Created Revenue to take the burden of expenses off family, but Plaintiff, is injured by this fact, and Annuci, and Docc3, union, Care, Custody, and Control of Plaintiff(s) was Wantonfully disregarded, no Consideration of the U.S. economic Climate and the level of weight loss, Stress, that Plaintiff(s) due to the justification having no Penological interest, that had existed for 40 Years. Violated Plaintiff(s) Bivens, 1st, 4th, 5th, 8th, & 14th Amendment(s), Pursuant to fere U.S. Constitution.

(Page Ninety-Four)

Defendants' Annucci, and Doccs, November 21, 2020, establishes the level of desparation with the intent to cause an collaborate effort with the Union and its members, using the memo as Persuasive values in the Northern District of New York, 2022-WL9 800500, to undermine Governor Katey Hochul HALT Act, creating a fraudulent attacks, by assvalting Plaintiff(s) Jones, Demell, Burnell, Tejeda, and others. To create a fradulent theory of corrective that "violence/crime is increasing" before the implementation of the HALT Act. This was a hate-filled, meritless memo, a deceptive ploy to massipulate justices and was a result of the CERT boces Defendants, going on a onslaught of assvalts through Docs facilities, specifically probes. To obtain a statical objective that Annucci and Thomas, believed would suffice a threshold, to repeal HALT Chagita an impact to law determination to implement HALT and afford, Plaintiff(s) Bunell, with the rights), services), and treatment(s) Provisional(s) residuals, under HALT. Violated Plaintiff(s) Bunell, 1st, 5th, 8th of 14th Amendment rights) Pursuant to the U.S. Constitution.

(page Ninety-five)

198¹

Defendant(s) Uhler, Bishop, Annucci, & Union, have a special relation-
ship with Plaintiff Bonnell in the UCF+RRV the rights, services,
and treatment(s) to Plaintiff(s) through entitlement of Protection
of HALT Act; (CG+137; and Due-Process. The Use+ of UCF-RRV is a
competing social, political, and economic interest. The Union Def-
endant(s), are causing incidents; unprovoked assaults on Pla-
intiff's Bonnell and Smith on April 19, 2020, to have Persuasive
Value in future HALT Act repeal efforts, is the type of Com-
Petting Obligation(s) that constitutes State-Created dang-
ers. The deliberate indifference, to the right(s); service(s),
and treatment, Plaintiff(s) Bonnell, Bowley, Smith, Darnell, Megearl,
and Early. These Defendant(s) actions were taken arbitrarily
with the intent to harm, violated Plaintiff(s) 1st, 5th,
8th, & 14th Amendment(s) Rights Pursuant to the U.S. Constitution.

Defendant(s) Union and UCF+RRV ORC's Civilian; Docs; (Security).
IHRC; Annucci, A.Rodriquez and the Hearing Officers, refusal to
undergo training, and the employment to UCF+RRV, and to
defy the HALT Act and all the revised Provisions it
entails, and to continue use of solitary confinement ag-
ainst Plaintiff(s) twenty-one and under and Fifty-Five
and older and to hold Plaintiff(s) Bonnell in SHU for
more than fifteen days at a time, defying New York State
Constitutionally Obligations, and to disdain Bill. No. 2836,
and upholding the SHU manual, violates Plaintiff(s)
1st, 5th, 8th, & 14th Amendment(s) Rights, Pursuant to
the U.S. Constitution.

(Page Ninety-Six)

Defendant(s) Uhler, Bishop, Annucci, Noeth, Doccs, and Union Policy to deprive HALT Provisions, and Create a hostile environment within the UCF-RNV, to develop data, of violence(s), fights, and assaults between Plaintiff(s) attacking each other. By placing one Static Tablet in the cell(s) and one Law Library Tablet(s) into a two(2) man cell where there was space available, and the statute(s) Correction Law 137, required them to do so, Provide solitude to Plaintiff(s) Burnell, Darrell, McGeachy, and Andrew Farley. These Caused Plaintiff(s) Physical injuries (e.g. lacerations, loose bones, nerve damages); mental anguish, by fighting each other in a Double Cell, over the one Static and Law Library tablets that was Provided by a Contract to be given (2) Per cell, juxtaposed to Lo-UCF-on Bldg, Defendant(s) assisted in Creating are increasing the dangers/a hostile environment between Plaintiff(s) living quarters. Furthermore Plaintiff(s) were alleged to be "Gang members" in Doccs data base(s), and these allegations are caused from reconnaissance of gang Intelligence reports, from Doccs Staff, on the Plaintiff(s) interactions, and Gang Paraphernalia In Doccs facilities. To keep a Pulse on the gang Culture within Doccs, and Plaintiff(s) from gang violence, under their Care, Custody, Policies, by curing foreseeable conflicts, they were able to of force in may of 2021, for violence within Doccs into the March 3, 2022 future from HALT, so their capabilities, of Present C134 exposure(s) for Plaintiff(s) were obviated, Defendant(s) data reflect Plaintiff(s)/Blogs are Cogs, causing fights/ and bloodshed with UCF-RNV, between Burnell. and McGeachy. Burnell f. Barrell, Farley and John Doe, mcGeachy and John Doe. These Defendant(s) actions are so egregious that it shocks the Contemporary Conscience, or Correction law 137, and the HALT Acts, and violates the Essence of Plaintiff(s) 1st, 8th, and 14th Amendment(s) Rights, Pursuant to the U.S. Constitution.

(Page Ninety-Seven)

Defendat(s) Annucci, Doocs, Uhen, Baynes, Uhler, & Bishop, policy denial, to all plaintiff(s) Burell, to participate in live grievance(s) hearings conducted at UCF-RRV, refusing to allow plaintiff(s) present at hearings, call witnesses, submit audio, video, and written evidence(s) to support grievance. Gilmore, refusal to process plaintiff(s) action requested. Plaintiff(s) RRV-status is a state created HALT Act policy, giving plaintiff(s) the right to attend grievance(s) hearings, as this is a program "comparable to general population", in accordance to Correctional Law 137. Defendant(s) instead processes, plaintiff(s) under there 8th manual, Plaintiff informed Baynes, on May 13, 2022 Bullock admitted plaintiff into suicide watch under a false premise, ordered Defendant(s) Niles, Swoyer, and Rowe, to destroy his property, photos, and to transfer him from 8-B-32T; to 10-C2-43T. Upon arrival plaintiff did not receive his property until May 26, 2022. The two outstanding grievance appeals deadline May 18, 2022, were denied as untimely, Dir 4040 has a 45 time extension, due to mitigating circumstance(s) that would allow an extension Plaintiff Burell, demonstrated, not possessing the appeals, and did receive them until May 26, 2022, as a mitigating circumstances. Defendant(s) Uhler, Baynes, and Annucci, denied the appeals stating, due to plaintiff he lying, but the grievance appeals within the deadline timeframes, shows grievance appeals were received at 10-C2-43T, so plaintiff replied, the denial grievances were mailed to 8-B-32T on May 18, 2020 Plaintiff was not in that cell. Violated plaintiff(s) Burell, 1st, 8th, and 14th Amendment rights, pursuant to the U.S. Constitution.

Defendant(s) Conspiracy Uhly, McEntosh, Annucci, Noeth, Doccs to Union, to fabricate Plaintiff(s), as Volatile and Undistinguishable to Law-abiding Incarcerated Individuals. By a Campaign of Statical data; Strategies, Research and development to raise the Prison Volume to above their required Unconstitutional threshold. Precipitated an attempt to overthrow Governor Kathy Hochul HALT Act. Insinuating that violence in Prisons will increase conjectures. By using a fabricated illegal Statistical data; attempting to develop Statistical Persuasive Values; Attempting to Cause this Court to order an Injunction to repeal HALT Act. Without of Course the re-Quired Controlling for the other relevant Varibies, to Posses a mentality of a arbitrary one, with a Pre-determination that if there Class Action 2022 we 2(300-5%, is denied they still Won't enforce Gov. Hochul Half Act, within Doccs facilities, by refusing to train and denial of Plaintiff(s) services, treatment, and rights of VCF-RNas making a Stagnation, Causing the Halt Act Curriculum of Confinement to in abeyance until Doccs train it's staff, and appeal the June 16, 2022 withs a chance of the Court Appeal(s) de novo of this Court district denial. Until, Defendants all there "exhausterd remedies" they will not Implement, the March 31, 2022, into Doccs. Violated Plaintiff(s) Burrell 1st, 5th, 8th, & 14th Amendment Rights Pursuant to the U.S. Constitution.

(Page Ninety-Nine)

202.

Defendant(s) One Hess, ORC/Dumas, ORC Donnelly, One Fontola
One Johnson, Sorc Nelson, and Sorc St. Mary, Refusal to Provide
Plaintiff(s) Burrell an IRP, in consultation with omh, exp-
erts in trauma-infored care and denial of the right, State
Created Liberty interest to Participate and be Present at the
Pmt hearing on June 03, 2022, to Controvert any negative allegations,
and/or inaccuracies in the Pmt file and Defendant(s) Decision
making in deciding to successfully discharge of Plaintiffs
from RRU without allowing him services and treatments, to
Satisfy release Criterion. Violated Plaintiff(s) Burrell, 1st.
5th, 8th, & 14th Amendment rights, Pursuant to the U.S. Constitution

203.(1) Defendants, Annucci, Joseph Noeth, Thomas Hunghey, Uhler, Bishop, union
and Docc, were deliberately indifferent to DOCCS and the New
York Civil Liberties Union approved on April 01, 2016
( NYCLU Settlement) ; and Challenged it as the HALT Act
in NYS Gov. V. Hochul, 2022 2180050, attempting to repeal HALT
and Rebell Governor Hochul. By depriving Plaintiff(s) Burrell of the
Lawful policies of HALT Act; Correction Law 137, by infering
HALT Act placed Defendant(s) in Jeopardy of violence, so
"Fuck Hochul, She can't Fire us, we're backed by the Unions it
will take Years to replace us, so fuck that training and fuck
HALT, we're going to run a SHU-not RRU period." These
deprivation(s) of the rights; treatments, and Services of the
HALT Act By deliberately, not undergoing the Specialized
training in Correction Law 137, HALT required to be emp-
loyable at any Docc facility, Refusal to train and failure to
train cause Plaintiff(s) Burrell injuries and violated his
1st. 5th, 8th, & 14th Amendment Rights, Pursuant to the
U.S. Constitution    ( page one hundred)

104) Defendant(s) Uhler, Stickney, Gwen Johnson, Reignad Bishop, SORC Nelson, SORC St. Mar, and ORC Dumas. For refusing to constitute a Program(s) and work assignment(s) comparable to general Population. Refusing to Provide Plaintiff(s) out-of-cell Programs, to ascertain good time Credit (e.g. Art and ASAT); as well as work Payments/idle Pay. Defedants) Stacey Pelkey, Linda Quinn, J. Ferriah, refusal to Provide Plaintiff(s) with idle Pay wages and the New-Program attendance, wage(s) Plaintiff(s) Burrell were entitled too. These Defendant acts were deprivation of liberty as Property interests(s), that were guarenteed as a Provisiod in the HALT Act. Violated Plaintiff(s) Burrell 1st; 5th; 8th; 14th Anedment Rights(s), Pursuant to the U.S. Constitution.

105. Defendant(s) A. Casway, refusal to Provide Plaintiff Burrell with medical attention for Pre existing injuries. (e.g. Carpal Tunal; Left wrist; siatic nerve damage; Neck strain; Shoulder rotary cuff; Lips and joint Pain, anal bleeding, head aches, respiratory Problems, asbestos Contraction thumb dislocated, forearm nerve damage.) Plaintiff(s) Burrell denial of medical devices ad braces (e.g. Tensunit; wrist as back brace), denial of Physical therapy, and any medication Prescription. The Plaintiff filed over 20 Sickcalls, never received treatment from April 13, 2022 - June 24, 2022. In retaliation, while intoxicated from a alcoholic beverages, ad under the influence of Barbitus,

(Page One Hundred-Two)

306. Cashway, became irate, Stumbling, ".. My last name is Cashway, You suing a Cashway in Clinton, sounds familiar? Well, when he lets me know you dropped your lawsuit, then you'll get medical treatment, but until then I'm Sorry, I have to Protect my family, we stick together in the North Country." These denials was a medical indifference to Plaintiff medical needs, Causing Pain, suffering and mental anguish, violated Plaintiff Burrell 1st, 8th, & 14th Amendment Rights Pursuant to the U.S. Constitution.

307. Defendant(s) C. mccergor and D. Denisse, are dentist, Who under the direction of Cashway, denied Plaintiff Burrell dental services. (e.g. abcess; decay, Cleaning, chip tooth decay; bleeding gums, and teeth Falling out). Stating to Plaintiff "Your suing Cashway Family or Something, Sorry We can't help You". These denials violated, Plaintiff 1st, 8th, & 14th Amendment(s) Rights Pursuant to the U.S. constitution

(Page One-Hundred-Three)

3. Order Defendant(s) to make those persons adversely affected by the Plaintiff(s), by their Practices, and Policies, described herein by Providing appropriate back-Pay, reimbursment of good time lost credits, training opportunities, treatment and Services in an amount to be shown at trial, and other affirmative relief, including, but not limited to, an affirmative action program designed to eliminate the effects of the discrimination Practices complained of in this Complaint.

4. Grant to Plaintiff(s) and member of their Class, Judment against Defendant(s) damages in the amount of at least Three Point-Five $3.5 billion Dollars, for mental distress imposed on these Parties, through and as a result of the mentioned discriminatory acts.

5. Grant to Plaintiffs' and members of their Class, Judgment against Defendant(s) Punitive Damages in the amount of Three Point-five $3.5 billion, or in such other amount as it commensurate with the wrong and the defendants ability to Pay.

6. Retain jurisdiction over this action to assure full Compliance with the orders of this Court and with applicable law and require defendants to file such reports as the court deems necessary to evaluate such Compliance.

(Page - one-thirded-five)

## VI. Prayer of Release

WHEREFORE, Plaintiff(s) respectfully pray that this Court advances this case on the docket, order a speedy hearing at the earliest practicable date, cause this case to be in every way expedited and upon such hearing(s) to.

1. Issue a Declaratory Judgment that Defendant(s) Acts, Policies, Practices, & Procedures complained of herein violated Plaintiff(s) rights as Title II of the Civil Rights Acts of 1964; Thirteenth Amendment to the U.S. Constitution, First, Forth, Third, Fifth, Eighth & Fourteenth Amendment Rights, Pursuant to the U.S. Constitution and 42 U.S.C.A. 1983.

2. That Plaintiff Burrell and the Class represent a Permanent injunction enjoining the defendant(s) Doccs and Union, their Officers, Agents, Successors, Employees, Attorneys, Assigns and other representative(s), and all those acting in concert with them at their direction from engaging in any employment policy or practice which discriminates against incarcerated individuals in Doccs on the basis of race, color, religion, or natural origin.

(Page one-hundred-four)

I swear under the Penalty of perjury I
have read the foregoing (s), and believe
them to be true. Pursuant to CPLR 2106

Dated: June 26, 2022


RESPectFully
A. Bell

UCF-RRN ; Pro-se
309 Bachill Rd
malone NY 12953


( Page one-Hundred-six)

The following Defendants received the income derived from the pattern of racketeering activity or $ through the collection of an unlawful debt.