UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

AKO K. BURRELL,

                                                 Plaintiff,

     v.                                                      9:22-CV-702
                                                             (DNH/ATB)

T. NELSON, et al.,

                                                Defendants.
_____

AKO K. BURRELL, Plaintiff pro se
OLIVIA R. COX, Asst. Attorney General, for Defendants

ANDREW T. BAXTER, U.S. Magistrate Judge

### REPORT-RECOMMENDATION

In the relevant portions of this civil rights complaint, plaintiff alleges various constitutional violations committed by defendants while he was incarcerated at Upstate Correctional Facility ("Upstate C.F."). (Complaint ("Compl.")) (Dkt. No. 1). Presently before the court is the moving defendants'[1] motion for summary judgment pursuant to Fed. R. Civ. P. 56 for failure to exhaust administrative remedies. (Dkt. No. 22). Plaintiff has filed a response in opposition to the motion, and the moving defendants have filed a reply. (Dkt. Nos. 26, 27). For the following reasons, this court agrees with the moving defendants and will recommend summary judgment dismissing the

---

[1] Defense counsel represents that the instant motion does not seek summary judgment on those claims arising out of the May 19, 2022 sexual assault allegations against defendants Hastings, Mainville, and Spinner. (Defendants' Memorandum of Law ("Def.'s MOL") at 2 n. 1). Accordingly, at this juncture the court will only consider whether summary judgment for failure to exhaust administrative remedies is appropriate as against defendants Fontain, Johnson, Nelson, Bullock, Niles, Sawyer, Rowe, and Ozborne, whom the court will hereafter refer to as the "moving defendants."

1

complaint as against them, based on plaintiff's failure to exhaust his administrative remedies.

> I. **Complaint**

Plaintiff's complaint is 104 pages in length, with 343 pages of exhibits. (*See generally* Compl.). At this juncture, it is not necessary for the court to provide an in-depth recitation of plaintiff's lengthy factual allegations. For purposes of this recommendation, it is sufficient to note that, pursuant to the Honorable David N. Hurd's February 9, 2023 decision and order, the following claims survived initial review pursuant to 28 U.S.C. § 1915:

1. Eighth Amendment excessive force/failure to intervene claims against defendants Hastings, Spinner, and Mainville; and

2. First Amendment retaliation claims against defendants Fontain, Johnson, Nelson, Bullock, Niles, Sawyer, Rowe, Ozborne, Hastings, Mainville, and Spinner.

(Dkt. No. 9 at 29-32). The events giving rise to the above claims allegedly occurred in April and May of 2022. (*See generally* Compl.). To the extent that additional facts pertaining to plaintiff's exhaustion of his legal remedies are relevant to the pending motion, I will discuss them during my analysis.

> II. **Summary Judgment**

Summary judgment is appropriate where there exists no genuine issue of material fact and, based on the undisputed facts, the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; *Salahuddin v. Goord*, 467 F.3d 263, 272–73 (2d Cir. 2006). "Only disputes over ["material"] facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986). It must be apparent that no

rational finder of fact could find in favor of the non-moving party for a court to grant a motion for summary judgment. *Gallo v. Prudential Residential Servs.*, 22 F.3d 1219, 1224 (2d Cir. 1994).

The moving party has the burden to show the absence of disputed material facts by informing the court of portions of pleadings, depositions, and affidavits which support the motion. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party satisfies its burden, the nonmoving party must move forward with specific facts showing that there is a genuine issue for trial. *Salahuddin v. Goord*, 467 F.3d at 273. In that context, the nonmoving party must do more than "simply show that there is some metaphysical doubt as to the material facts." *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). However, in determining whether there is a genuine issue of material fact, a court must resolve all ambiguities, and draw all inferences, against the movant. *See United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962); *Salahuddin*, 467 F.3d at 272.

### III. **Exhaustion of Administrative Remedies**

#### A. **Legal Standards**

The Prison Litigation Reform Act, ("PLRA"), 42 U.S.C. §1997e(a), requires an inmate to exhaust all available administrative remedies prior to bringing a federal civil rights action. The exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and regardless of the subject matter of the claim. *See Giano v. Goord*, 380 F.3d 670, 675-76 (2d Cir. 2004), (citing *Porter v. Nussle,* 534 U.S. 516, 532 (2002)), abrogated on other grounds by *Ross v. Blake*, 578 U.S. 632 (2016). Inmates must exhaust their administrative remedies even

3

if they are seeking only money damages that are not available in prison administrative proceedings. *Id.* at 675.

In order to properly exhaust an inmate's administrative remedies, the inmate must complete the administrative review process in accordance with the applicable state rules. *Jones v. Bock*, 549 U.S. 199, 218-19 (2007) (citing *Woodford v. Ngo*, 548 U.S. 81 (2006)). In *Woodford*, the Court held that "proper" exhaustion means that the inmate must complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a prerequisite to bringing suit in federal court. *Woodford,* 548 U.S. at 90-103.

The grievance procedure in New York is a three-tiered process. The inmate must first file a grievance with the Incarcerated[2] Grievance Resolution Committee ("IGRC"). N.Y. Comp. Codes R. & Regs., tit. 7 §§ 701.5(a)(1) and (b). An adverse decision of the IGRC may be appealed to the Superintendent of the Facility. *Id*. § 701.5(c). Adverse decisions at the Superintendent's level may be appealed to the Central Office Review Committee ("CORC"). *Id*. § 701.5(d). The court also notes that the regulations governing the Incarcerated[3] Grievance Program ("IGP") encourage the inmate to "resolve his/her complaints through the guidance and counseling unit, the program area directly affected, or other existing channels (informal or formal) prior to submitting a grievance." *Id.* § 701.3(a) (Inmate's Responsibility). There is also a special section for complaints of harassment. *Id*. § 701.8. Complaints of harassment are handled by an

---

[2] This committee was formerly known as the "Inmate Grievance Resolution Committee," but has recently been renamed.

[3] The program was formerly known as the "Inmate Grievance Program," but has recently been renamed.

expedited procedure which provides that such grievances are forwarded directly to the Superintendent of the facility, after which the inmate must appeal any negative determination to the CORC. *Id.* §§ 701.8(h) & (I), 701.5.

Prior to *Ross v. Blake, supra*, the Second Circuit utilized a three-part inquiry to determine whether an inmate had properly exhausted his administrative remedies. *See Brownell v. Krom*, 446 F.3d 305, 311-12 (2d Cir. 2006) (citing *Hemphill v. State of New York*, 380 F.3d 680, 686 (2d Cir. 2004). The *Hemphill* inquiry asked (1) whether the administrative remedies were available to the inmate; (2) whether defendants' own actions inhibiting exhaustion estops them from raising the defense; and (3) whether "special circumstances" justify the inmate's failure to comply with the exhaustion requirement. *Id.*

In *Ross*, the Supreme Court made it clear that courts may not excuse a prisoner's failure to exhaust because of "special circumstances." *Ross v. Blake*, 578 U.S. 632, 640 (2016). "[M]andatory exhaustion statutes like the PLRA establish mandatory exhaustion regimes, foreclosing judicial discretion." *Riles v. Buchanan*, 656 F. App'x 577, 580 (2d Cir. 2016) (quoting *Ross*, 578 U.S. at 639). Although *Ross* has eliminated the "special circumstances" exception, the other two factors in *Hemphill* – availability and estoppel – are still valid. The court in *Ross* referred to "availability" as a "textual exception" to mandatory exhaustion, and "estoppel" has become one of the three factors in determining availability. *Ross*, 578 U.S. at 642. Courts evaluating whether an inmate has exhausted his or her administrative remedies must also consider whether those remedies were "available" to the inmate. *Id.*; *see also Riles*, 2016 WL 4572321 at *2.

B.   **Analysis**

The moving defendants argue that summary judgment is warranted as against them, because no genuine issue of material fact exists concerning plaintiff's failure to exhaust his administrative remedies.[4] As previously set forth, plaintiff's surviving claims arise from events which took place at Upstate C.F. in April and May of 2022. Plaintiff commenced this § 1983 action by the filing of his complaint on July 1, 2022. (*See generally* Compl.).

In support of their argument that plaintiff failed to exhaust his administrative remedies, the moving defendants rely on the declaration of Rachael Seguin, Director of the IGP with the New York State Department of Corrections and Community Supervision ("DOCCS"); the declaration of Cassie Bayne, IGP Supervisor at Upstate C.F.; and the various DOCCS records attached as exhibits to each declaration. (Declaration of Rachael Seguin ("Seguin Decl."), Dkt. No. 22-3; Declaration of Cassie Bayne ("Bayne Decl"), Dkt. No. 22-5). According to Director Seguin and Supervisor Bayne, and as confirmed by DOCCS's records, plaintiff filed "voluminous" facility level grievances while confined to Upstate C.F. in 2022. Specifically, plaintiff filed 20 grievances in the 35-day period between April 18th and May 23rd. (Bayne Decl. Ex. B). Per the moving defendants, the following grievances have been deemed to relate to plaintiff's surviving claims in this action:

---

[4] Although the court usually requires some limited discovery be conducted before granting summary judgment in the PLRA context, discovery is not necessary when, as here, "the facts regarding plaintiff's efforts at exhaustion are not disputed, and it does not appear that any amount of discovery would change the outcome." *Cossette v. Edwards*, No. 20-CV-6427, 2022 WL 2342478, at *8 (S.D.N.Y. June 29, 2022) (quoting *Gottesfeld v. Anderson*, 18 Civ. 10836, 2020 WL 1082590, at *7 (S.D.N.Y. Mar. 6, 2020)).

1. UST-0587-22 ("Grievance No. 587"), titled "ORC's/C.L. 137," which was filed on April 18, 2022. In this grievance, plaintiff alleges that defendants Fountain, Johnson, and Nelson coerced him into signing an Individual Rehabilitation Plan ("IRP") that did not conform with plaintiff's treatment needs. Grievance No. 587 was received by CORC on June 27, 2022.

2. UST-0747-22 ("Grievance No. 747"), titled "Sgt Order Property Destroy/Racial Slur," was filed on May 18, 2022. In this grievance, plaintiff alleges defendants Bullock, Niles, Sawyer, and Rowe admitted him to a suicide watch and destroyed plaintiff's property. Grievance No. 747 was received by CORC on July 15, 2022.

3. UST-0754-22 ("Grievance No. 754"), titled "Harassment/Racial Slur," was filed on May 19, 2022. In this grievance, plaintiff alleges defendants Osborne and Nelson refused to allow plaintiff to attend programming, including a loss of tablet use and corresponding good time. Grievance No. 754 was received by CORC on July 8, 2022.

(Bayne Decl. ¶ 17, Ex. B, Seguin Decl. ¶ 13, Ex. A).

Defendants have met their burden in establishing that no genuine issue of material fact exists concerning plaintiff's failure to exhaust his administrative remedies with respect to the claims arising out of the events described in Grievance Nos. 587, 747, and 754. As reflected in the defendants' motion papers, plaintiff filed his July 1, 2022 complaint days, if not weeks, prior to CORC's receipt of Grievance 747 and Grievance 754. (Seguin Decl. Ex. A). With respect to Grievance No. 587, CORC had only received plaintiff's appeal four days prior to plaintiff filing his complaint. (*Id.*). The Second Circuit has recently clarified that "an inmate exhausts administrative remedies when he follows the procedure in its entirety but the CORC fails to respond within the 30 days it is allocated under the regulations." *Hayes v. Dahlke*, 976 F.3d 259, 270 (2d Cir. 2020). In this case, however, plaintiff filed his federal complaint well

7

before the expiration of CORC's 30-day deadline to respond to the respective grievances. Although the *Hayes* court made clear that a plaintiff "need not wait indefinitely after the agency fails to follow its own deadline at the final stage of appeal, he must actually wait for that deadline to expire before filing suit." *Id.* at 271. Because plaintiff failed to wait thirty days from the date on which CORC received his appeal before filing his complaint, as required under the PLRA, plaintiff failed to exhaust his administrative remedies.

In response to the moving defendants' application for summary judgment, plaintiff argues that his failure to exhaust should be excused because, among other things, Upstate C.F. "did not provide plaintiff with access to the [IGP]" (Dkt. No. 26 at CM/ECF p. 5), various corrections officers "repeatedly opened plaintiff['s] grievances" and/or "did not provide grievance forms or envelopes" (*id.*), and that the "Deputy Superintendent of Upstate [C.F.] . . . placed a protective hatch on plaintiff['s] cell, for filing grievances" (*id.* at CM/ECF p. 6). Plaintiff also maintains that he was "intimidated by Upstate [C.F.] staff for invoking the administrative process." (*Id.* at CM/ECF p. 9). Finally, plaintiff argues that his failure to exhaust his administrative remedies should be excused because the Superintendent did not render a decision on his grievances within 25 calendar days, pursuant to 7 NYCRR § 701.8. (*Id.* at 26).

Plaintiff's contentions are insufficient to defeat the moving defendants' motion for summary judgment. Many of the grievances discussed by plaintiff in his opposition are unrelated to the claims relevant to the instant motion for summary judgment. Moreover, the majority of plaintiff's allegations concerning retaliatory acts by

8

corrections officers, and a lack of adequate supplies, do not reach the crux of the moving defendants' argument – that plaintiff filed his complaint before CORC's statutorily authorized time to respond had lapsed.

     Even assuming, as plaintiff argues, that plaintiff had established the Superintendent did not render a decision on his grievances within the appropriate deadline established by the regulations, this would not excuse plaintiff's deficient exhaustion of his administrative remedies. As a general rule, it is well settled that "[w]here the IGRC and/or superintendent do not timely respond, an inmate must appeal to 'the next step,' " assuming there is a "next step" in the IGP. *Eleby v. Smith*, No. 9:15-CV-0281(TJM/DEP), 2017 WL 986123, at *4 (N.D.N.Y. Jan. 9, 2017) (quoting 7 N.Y.C.R.R. § 701.6(g)(2)); *see also Smith v. Kelly*, 985 F. Supp. 2d 275, 281 (N.D.N.Y. 2013) ("[A]ny failure by the IGRC or the superintendent to timely respond to a grievance . . . can—and must—be appealed to the next level . . . to complete the grievance process."); *Cicio v. Wenderlich,* 714 F. App'x 96, 97-98 (2d Cir. 2018) ("When a prisoner has filed a grievance, but receives no response, the regulations provide a right of appeal."). Nonetheless, it is important to note the Second Circuit's distinction that, "where an inmate does not know that an unprocessed grievance (i.e., a grievance that has not been assigned a grievance number) may technically be appealed to the next step (i.e., pursuant to § 701.6[g][2] and/or 701.8[g][2]), he need not appeal that unprocessed grievance because the regulatory scheme advising him of that right is too 'opaque.'" *Poulos v. Grimaldi*, No. 9:18-CV-1279(GTS/ML), 2022 WL 178581, at *4 (N.D.N.Y. Jan. 19, 2022) (citing *Williams v. Corr. Officer Priatno*, 829 F.3d 118,

9

126 (2d Cir. 2016) (finding that, "even if Williams technically could have appealed his [unprocessed and thus unnumbered] grievance, we conclude that the regulatory scheme providing for that appeal is 'so opaque' and 'so confusing that ... no reasonable prisoner can use [it pursuant to *Ross v. Blake*, 136 S. Ct. 1850 (2016)]'").

In this case, the record reflects that, with respect to the grievances relevant to the underlying claims at issue in this motion for summary judgment, plaintiff successfully appealed to CORC, notwithstanding any purported delay in response by the Superintendent. Thus, the facts are clearly distinguishable from those in *Williams*, where that plaintiff did not even attempt to appeal an unanswered grievance. 829 F.3d 118 at 121. Accordingly, plaintiff has failed to establish that his administrative remedies were unavailable in order to defeat summary judgment, and the claims asserted against the moving defendants must be dismissed. *See Cicio v. Alvarez,* No. 19-CV-9883, 2022 WL 1003796, at *4 (S.D.N.Y. Apr. 4, 2022) (summary judgment warranted on exhaustion grounds where plaintiff filed his federal complaint twenty-two days after CORC received the appeal and nine days before the expiration of CORC's thirty-day deadline to respond, notwithstanding CORC's eventual determination of the grievance).

Dismissal is appropriate even if, as is the case here, the plaintiff's claims have since been exhausted. *See Mateo v. Alexander*, No. 08–CV-8797, 2010 WL 431718, at *3 (S.D.N.Y. Feb. 9, 2010); *Mendez v. Artuz*, No. 01-CV-4157, 2002 WL 313796, at *2 (S.D.N.Y. Feb. 27, 2002); *Bowie v. Woodruff*, No. 9:18-CV-0266 (BKS/ML), 2019 WL 7606078, at *5 (N.D.N.Y. Sept. 20, 2019), *report and recommendation adopted*, 2019

WL 5445519 (N.D.N.Y. Oct. 23, 2019) ("The fact that Bowie subsequently exhausted his administrative remedies [in the sense that CORC issued a decision on his grievance] is irrelevant as he was required to properly exhaust before he sued"); *Scott v. Uhler*, No. 16-CV-403 (TJM/CFH), 2019 WL 5197139, at *5 (N.D.N.Y. July 31, 2019) ("Receiving a decision from CORC after filing a federal lawsuit does not satisfy the PLRA's requirement that administrative remedies be exhausted before filing suit, and any such action must be dismissed without prejudice"). Furthermore, a post-exhaustion amendment of the complaint cannot cure an exhaustion defect existing at the time the action was commenced. *Livingston v. Hoffnagle*, No. 9:17-CV-1158 (MAD/DEP), 2019 WL 409366, at *4 (N.D.N.Y. Feb. 1, 2019) (citation omitted). "Were the rule otherwise, prisoners would have little reason to wait for the administrative process to play itself out before filing suit, which would defeat the purpose of the exhaustion requirement 'to reduce the quantity and improve the quality of prisoner suits [and to afford] corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case.' " *Animashaun v. Afify*, 470 F. Supp. 3d 294, 297 (W.D.N.Y. 2020) (quoting *Amador v. Andrews*, 655 F.3d 89, 96 (2d Cir. 2011) (alterations in original) (other citations omitted)).

In such a case as this, dismissal is without prejudice, and the claims may be refiled. *See Brown v. Napoli*, 687 F. Supp. 2d 295, 298 (W.D.N.Y. 2009); *Chisholm v. New York City Dep't of Correction*, No. 08 Civ. 8795, 2009 WL 2033085, at *3 (S.D.N.Y. July 13, 2009); *Doe v. Goord*, No. 04 CV 0570, 2004 WL 2829876, at *8 (S.D.N.Y. Dec. 10, 2004) ("Dismissal of an action for failure to exhaust administrative

remedies ordinarily is without prejudice."). Such a remedy is appropriate because "[f]ailure to exhaust administrative remedies is often a temporary, curable procedural flaw." *Acosta v. Corrections Officer Dawkins*, No. 04 Civ. 6678, 2005 WL 1668627, at *4 n.6 (S.D.N.Y. July 14, 2005) (quoting *Berry v. Kerik*, 366 F.3d 85, 87 (2d Cir. 2003)).

**WHEREFORE**, based on the above, it is

**RECOMMENDED**, that the moving defendants' motion for summary judgment (Dkt. No. 22) be **GRANTED**, and that the complaint be **DISMISSED WITHOUT PREJUDICE** as against defendants **FONTAIN, JOHNSON, NELSON, BULLOCK, NILES, SAWYER, ROWE, and OZBORNE**, based on plaintiff's failure to exhaust his administrative remedies.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72.

Dated: June 13, 2023

Andrew T. Baxter
U.S. Magistrate Judge