UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

AKO K. BURRELL,

        Plaintiff,

    -v-                          9:22-CV-702

DOCCS, et al.

        Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:                       OF COUNSEL:

AKO K. BURRELL
Plaintiff, *Pro Se*
17-B-2994
Eastern NY Correctional Facility
Box 338
Napanoch, New York 12458

HON. LETITIA A. JAMES, ESQ.     OLIVIA R. COX, ESQ.
Attorney General of the
   State of New York
The Capitol
Albany, New York 12224-0341

DAVID N. HURD
United States District Judge

## ORDER ON REPORT & RECOMMENDATION

On July 1, 2022, plaintiff Ako K. Burrell ("plaintiff"), acting *pro se*, commenced an action against defendants Anthony Annucci, Baynes, Bishop,

Boile, Brad, Bradsford, Bullock, Campbell, Central Office, Captain Curing, DOCCS, Sgt. Dearbone, Delaney Devori, John Doe, Donnelly, Dumas, Faucher (collectively "defendants")), pursuant to 42 U.S.C. § 1983 ("§ 1983"), for constitutional violations while he was confined at Upstate Correctional Facility ("Upstate C.F."). Dkt. No. 1. Plaintiff also sought to proceed *in forma pauperis* ("IFP Application"), which was granted. Dkt. Nos. 3, 9.

On February 9, 2023, this Court reviewed the sufficiency of plaintiff's complaint pursuant to 28 U.S.C. §§ 1915(e) and 1915A. Dkt. No. 9. Upon review, this Court dismissed with prejudice plaintiff's: (1) § 1983 claims for monetary damages against defendants DOCCS and Central Office; (2) claims related to violations of DOCCS Directives; and (3) constitutional claims related to the grievance process. *Id*. The Court also dismissed without prejudice plaintiff's: (1) Eighth Amendment conditions-of-confinement claims; (2) Eighth Amendment claims related to his hunger strike; (3) Fourteenth Amendment due process claims; (4) supervisory claims; (5) First Amendment free exercise claims; (6) conspiracy claims; and (7) state law claims. *Id*.

Finally, this Court concluded that both plaintiff's Eighth Amendment excessive force and failure to intervene claims against Hastings, Spinner, and Mainville and his First Amendment retaliation claims against Fontain, Johnson, Nelson, Bullock, Niles, Sawyer, Rowe, Ozborne, Hastings, Mainville, and Spinner survived *sua sponte* review and required a response.

*Id.* Accordingly, defendants DOCCS, Central Office, Hochul, Annucci, Noeth, Rodriguez, John Doe, St. Mary, Hess, Dumas, Campbell, Donnelly, Fye, Faucher, Uhler, Bishop, Stickey, Curing, Dearborne, Bradsford, Locke, Orbegozoi, Mathis, Mallette, Powers, Watkins, Delaney, Baynes, and Boile were dismissed from the action. *Id.*

On April 25, 2023, defendants Bullock, Fontain, Johnson, T. Nelson, Niles, Ozborne, Rowe, Sawyer moved for summary judgment, arguing that plaintiff failed to exhaust his administrative remedies before bringing his complaint, which plaintiff opposed. Dkt. Nos. 23, 26. On June 13, 2023, U.S. Magistrate Judge Andrew T. Baxter advised by Report & Recommendation ("R&R") that defendants' motion be granted and they be dismissed without prejudice, which this Court subsequently accepted and adopted in all respects. Dkt. Nos. 28–29. On July 11, 2023, surviving defendants Hastings, Mainville, and Spinner filed an answer. Dkt. No. 30. The following day, the Court issued a Mandatory Pretrial Discovery and Scheduling Order that was served upon plaintiff by regular mail. Dkt. No. 31.

On December 18, 2024, defendants moved to dismiss plaintiff's surviving claims for failure to prosecute and failure to obey a discovery order pursuant to Federal Rules of Civil Procedure ("Rules") 41 and 37, respectively. Dkt. No. 78. Plaintiff has opposed. Dkt. No. 83. On July 17, 2025, U.S. Magistrate Judge Mitchell J. Katz advised by R&R that (1) defendants'

motion be granted for plaintiff's blatant defiance of the Court's warnings and orders, his repeated failure to testify in depositions, and his complete failure to respond to discovery demands collectively warrant dismissal with prejudice. Dkt. No. 87 at 22; *see also* Dkt. No. 31, 56, 63, 78-2.[1] Plaintiff has not filed any objections and the deadline to do so has passed. *See* Dkt. No. 87.

Upon review for clear error, Judge Katz's R&R is accepted and will be adopted in all respects. *See* FED. R. CIV. P. 72(b).

Therefore, it is

ORDERED that

1. The Report & Recommendation (Dkt. No. 87) is ACCEPTED and ADOPTED in all respects;

2. Defendants' motion to dismiss for plaintiff's failure to prosecute and failure to obey a discovery order (Dkt. No. 78) is GRANTED;

3. Plaintiff's complaint (Dkt. No. 1) is DISMISSED with prejudice.

4. The Clerk is directed serve a copy of this Order on plaintiff by regular mail.

The Clerk is further directed to terminate the pending motions (Dkt. Nos. 78, 87), enter a judgment accordingly, and close the file.

IT IS SO ORDERED.

---

[1] Judge Katz advised that "if the Court recommended dismissal without prejudice and Mr. Burrell recommenced this action (assuming it was not time barred), Mr. Burrell's antics would repeat themselves and the parties would, at some point, be in the same position they currently find themselves." Dkt. No. 87 at 22.

*[signature]*
David N. Hurd
U.S. District Judge

Dated: August 18, 2025
       Utica, New York.